[Civ. No. 48817. Second Dist., Div. Three. Mar. 1, 1977.]

ROBERT WILSON, JR., Plaintiff and Appellant, v.
HARLEY DAVIDSON MOTOR COMPANY,
Defendant and Respondent.

**COUNSEL**

Ned Good and Barry B. Novack for Plaintiff and Appellant.

Virgil R. Wells for Defendant and Respondent.

**OPINION**

**ALLPORT, Acting P. J.**—Plaintiff appeals from an order denying his motion for costs on appeal.

*Facts*

On August 19, 1974, judgment on a·verdict was entered in favor of plaintiff. On October 15, 1974, defendant filed a notice of appeal from the judgment. On September 19, 1975, the appeal was abandoned and notice thereof served on plaintiff by defendant on the same date. A similar notice was served by the clerk of the superior court on December 12, 1975. Thereafter on December 31, 1975, a memorandum of costs on appeal was filed. On January 27, 1976, a motion for order awarding costs on appeal was denied.[1]

*Contentions*

Plaintiff contends he is entitled to costs as the prevailing party and that since the memorandum of costs was filed within 30 days of the notice of abandonment served by the clerk it was timely.

Defendant on the other hand contends that, because plaintiff was aware of the abandonment as early as September 19, 1975, his memorandum of costs filed some three months thereafter was untimely and the trial court properly considered the motion for costs to be an application for relief from late filing under Code of Civil Procedure section 473 and denied same for lack of a showing of good cause.

*Discussion*

For reasons to follow plaintiff was entitled to his costs on appeal as a matter of law and the trial court erred in considering the motion to be an unsupported effort to obtain relief from late filing.

Code of Civil Procedure section 1034 provides for the award of costs on appeal in accordance with rules adopted by the Judicial Council. There is no statutory provision for costs on abandonment of appeal.[2]

---

[1]The motion was denied because the memorandum was untimely and no showing for relief from late filing under Code of Civil Procedure section 473 had been made.

[2]The 30-day provision of the second paragraph of section 1034 is inapplicable since abandonment proceeding does not contemplate the issuance and filing of a remittitur.

California Rules of Court rule 26(a) provides that costs shall be awarded to respondent as the prevailing party following dismissal of an appeal. Rule 19(a) provides that abandonment of an appeal operates as a dismissal thereof and, in cases where no record has yet been filed in the reviewing court, restores jurisdiction to the superior court to award as costs that portion of the expense of preparation of the record incurred up to the time of abandonment. Rule 19(c) mandates the clerk of the court in which the abandonment is filed to "immediately notify the adverse party of the filing of the abandonment . . . ."

■   Neither the statutes nor the court rules provide for the time within which a memorandum of costs must be filed in the situation existing in this case. We have not been referred to, nor has independent research disclosed, any controlling case law on the subject and for that reason the instant case is one of first impression in this state.

We hold that a memorandum of costs on appeal following abandonment of appeal filed in the lower court is not untimely when filed within a reasonable time after notification by the clerk of the filing of the abandonment and that delay occasioned by the failure of the clerk to perform his mandatory duty to "immediately" notify the adverse party of the filing of the abandonment does not operate to render the filing of the memorandum untimely in the absence of any showing that the clerk's failure to strictly comply with his duty was prejudicial.

■   In the instant case the memorandum of costs was filed within 20 days after notification by the clerk of the abandonment which we deem to be reasonable under the circumstances. No showing has been made that the delay was in any way prejudicial to defendant.

The order appealed from is reversed.

Cobey, J., and Potter, J., concurred.