[Civ. No. 60341. Second Dist., Div. Three. June 26, 1981.]

MOULIN ELECTRIC CORPORATION, Plaintiff and Respondent, v. NOYES H. ROACH et al., Defendants and Appellants.

**COUNSEL**

John W. Powell for Defendants and Appellants.

Arthur R. Wells, Sr., for Plaintiff and Respondent.

**OPINION**

**COBEY, J.**—Defendants, Noyes H. Roach and Noyes Roach Company, appeal from a minute order denying them their postjudgment attorney's fees. The appeal lies (Code Civ. Proc., § 904.1, subd. (b)) but is without merit for the reasons that follow.

On February 6, 1980, defendants filed a notice of motion for postjudgment attorney's fees in the amount of $7,403 for professional

services rendered to them from March 25, 1978, the approximate date of a prior award of such fees in the amount of $11,364.50. The trial court denied this motion, when subsequently made, as untimely.

The denied fees were sought pursuant to an express provision for reasonable attorney's fees in the contract allegedly between the parties, sued on by plaintiff, Moulin Electric Corporation,[1] and pursuant as well to Civil Code section 1717 which authorizes such fees to the prevailing party (the one in whose favor final judgment is rendered) in any action on a contract where the contract specifically provides that attorney's fees which are incurred to enforce its provisions shall be awarded.

■ Actually, the only basis for an award of reasonable attorney's fees to defendants in this case is the just-mentioned Civil Code section 1717 allowing such fees in any action on a contract. This is because in the prior appeal in this case this court affirmed the summary judgment for defendants on the express ground that no valid written subcontract between the parties ever came into existence. Nevertheless, by reason of section 1717 exclusively, defendants became entitled to their reasonable attorney's fees herein, on appeal and possibly otherwise (*Care Constr., Inc.* v. *Century Convalescent Centers, Inc.* (1976) 54 Cal.App.3d 701, 705-707 [126 Cal.Rptr. 761]), provided their application for such fees was timely.[2]

Where such fees are awarded pursuant only to Civil Code section 1717, they are recoverable *only* as costs. (See *Schoolcraft* v. *Ross* (1978) 81 Cal.App.3d 75, 82 [146 Cal.Rptr. 57]; *Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227, 231-232 [136 Cal.Rptr. 549]; *T. E. D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 64 [112 Cal.Rptr. 910].)

Under Code of Civil Procedure section 1034 costs on appeal are recoverable by the party prevailing on appeal by filing a cost bill within

---

[1]This contractual provision reads: "In the event either Contractor or Subcontractor institutes suit in court against the other party ... in connection with any dispute or matter arising under this Agreement, the party which prevails in that suit shall be entitled to recover from the other its attorney's fees in reasonable amount ...."

[2]The fact that rule 26(c) of the California Rules of Court does not expressly include attorney's fees among the presumably normal costs on appeal that are recoverable appears to be without legal consequence. Their inclusion in a cost bill on appeal has apparently never been taxed on this basis.

30 days after the appellate court's remittitur is filed with the clerk of the trial court. Here our records indicate that such event probably occurred within a few days of August 27, 1979. But defendants did not serve and file their cost bill until November 6, 1979, and apparently this cost bill did not include any item for postjudgment attorney's fees since it totalled only $905.39.[3]

Defendants' failure to serve and file a cost bill on appeal, including their attorney's fees on appeal, within the requisite 30 days waived and forfeited their entitlement to such costs. (See *Ferry* v. *O'Brien* (1923) 63 Cal.App. 620, 626 [219 P. 467]; *Johnson* v. *Schimpf* (1928) 91 Cal.App. 26, 36-37 [266 P. 597].) This default in procedure could possibly have been relieved through an appropriate application under Code of Civil Procedure section 473 (see *Spellens* v. *Spellens* (1957) 49 Cal. 2d 210, 227 [317 P.2d 613]), but application for such relief was never made.

### DISPOSITION

The minute order under appeal denying defendants their postjudgment attorney's fees is affirmed.

Klein, P. J., and Potter, J., concurred.

---

[3]As authorized by rule 12(a) of the California Rules of Court, we have, on our own motion, added to the record on appeal the superior court file in this case, but we have been unable to find therein this cost bill.

We have also added our own record on the former appeal (2d Civ. No. 54941) as well as the entry in the records of this court showing that our remittitur in such appeal issued on August 27, 1979.