[No. B080767. Second Dist., Div. Six. Nov. 15, 1994.]

SCOTT G. MILLER, Plaintiff and Respondent, v.
CHARLES J. GIVENS, Defendant and Appellant.

COUNSEL

Arthur J. Travieso and Terry M. Moshenko for Defendant and Appellant.

Steven F. Wingfield for Plaintiff and Respondent.

OPINION

GILBERT, J.—At the time the instant judgment was entered Code of Civil Procedure section[1] 685.040 did not allow attorney fees incurred in enforcing a judgment to be included as costs. The section was later amended to allow such fees where the underlying judgment includes an award of attorney fees arising from contract.

Here we hold that an award of attorney fees incurred after the date of the amendment does not constitute a retroactive application of the amended statute to the previously existing judgment. We reverse the order granting the judgment debtor's motion to tax costs.

FACTS

Scott G. Miller sued Arlene and Louis Buchignani and Ronald Levy on an agreement containing an attorney fees clause. The Buchignanis and Levy prevailed at trial, and judgment was entered in their favor for costs and attorney fees totaling $31,405.85 in July of 1989.

The Buchignanis assigned all of their right, title and interest in the judgment to Charles J. Givens in November of 1992.

On September 1, 1993, Givens filed a memorandum of costs seeking, among other items, postjudgment attorney fees in the amount of $20,000. Miller responded with a motion to tax costs. (§ 685.070, subd. (c).) The motion challenged Givens's claim to postjudgment attorney fees on the grounds that the amount was excessive and that at the time the judgment was entered section 685.040 did not allow for such fees. Givens countered that section 685.040 was amended to allow for postjudgment attorney fees and that all of the claimed fees were earned after the amendment.

The trial court determined that an award of postjudgment attorney fees would require an impermissible retroactive application of the amendment to section 685.040. The trial court granted Miller's motion.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

DISCUSSION

In 1989, at the time the judgment was entered, section 685.040 provided: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law."

The section was amended in 1992 to add the following sentence: "Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment included an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." Subdivision (a)(10)(A) of section 1033.5 allows attorney fees to be recoverable as costs when authorized by contract.

The effective date of the amendment was January 1, 1993.[2] (Cal. Const., art. IV, § 8; Gov. Code, § 9600, subd. (a).) It is undisputed that the amendment should not be applied retroactively. ■ The only question presented to us by the parties is whether an award for fees incurred after the effective date of the amendment constitutes a retroactive application.

Miller Cites *Helm* v. *Bollman* (1959) 176 Cal.App.2d 838, 841 [1 Cal.Rptr. 723], for the proposition that " 'A statute will not be given a retroactive construction by which it will impose liabilities not existing at the time of its passage, or which will affect an existing liability to the detriment of defendant . . . .' [Citation.]"

But the amendment, as Givens seeks to apply it here, had no retroactive effect on Miller's existing liabilities. Givens is not claiming the right to fees incurred in an effort to collect the judgment prior to the effective date of the amendment. Givens's application of the amendment is prospective only. He relies on events that occurred after the effective date: Miller's failure to pay the judgment and Givens's efforts to collect. That the judgment existed prior to the amendment does not mean Givens is seeking a retroactive application of the amendment. ■ "A statute does not operate retroactively merely because some of the facts or conditions upon which its application depends came into existence before the enactment." (*Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 593 [97 Cal.Rptr. 30].)

The source of the presumption that a statute will not be retroactively applied is the general consensus that notice of a rule should be given in

---

[2]The amendment was approved by the Governor on September 30, 1992, and became effective on January 1, following a 90-day period from the date of enactment.

advance of the actions to be judged. (*California Trout, Inc.* v. *State Water Resources Control Bd.* (1989) 207 Cal.App.3d 585, 609 [255 Cal.Rptr. 184].) "Application of a statute is retroactive only when it gives a different and potentially unfair legal effect to actions taken in reliance on the preenactment law." (*Ibid.*) ▮ Here the amendment gives no different or potentially unfair legal effect to Miller's prior actions. It is Miller's subsequent action in failing to pay the judgment from which the fees incurred here flow.

*Chelios* v. *Kaye* (1990) 219 Cal.App.3d 75 [268 Cal.Rptr. 38] is of no help to Miller. There the court held that an attorney fees clause in a contract was merged with the judgment, and thus could not be the basis for the imposition of postjudgment attorney fees. But *Chelios* was decided under section 685.040 prior to the 1992 amendment. The 1992 amendment was obviously intended to change the rule applied in *Chelios*.

▮ Finally, there is no merit to Miller's argument that section 685.040 precludes recovery of attorney fees by assignees of the original judgment creditor. Miller points out that under the section postjudgment fees are awardable only if the underlying judgment includes an award of fees to the "judgment creditor." Here the underlying judgment includes such an award. Thus the condition set forth in the statute for a postjudgment award of fees has been fulfilled. Nothing in the statute precludes an assignee from recovering fees in collecting the judgment.

We take no position on whether the fees claimed by Givens were necessary or reasonable.

The judgment (order granting the motion to tax costs) is reversed for further proceedings consistent with this opinion. Costs are awarded to appellant.

Stone (S. J.), P. J., and Yegan, J., concurred.