FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| 21X CAPITAL LTD.; DAVID A. BREWER, <br><br>            Plaintiffs - Appellants, <br><br>     v. <br><br> ROBERT WERRA; JOHN WERRA, <br><br>            Defendants - Appellees. | No. 09-17336 <br><br> D.C. No. 5:06-cv-04135-JW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted February 17, 2011
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and TROTT, Circuit Judges.

21X Capital, Ltd. and David A. Brewer appeal the district court's order

awarding $1.5 million in attorneys' fees in favor of Robert and John Werra. We

review for clear error the factual findings underlying an award of attorneys' fees,

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and review de novo the legal premises applied to determine an award. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147-48 (9th Cir. 2001) (per curiam).

California Civil Code section 1717(a) allows for recovery of contractual attorneys' fees only where the action was "on a contract." Because this was an action to enforce a judgment, it was not "on a contract," and the district court erred in awarding attorneys' fees. *See Chelios v. Kaye*, 219 Cal. App. 3d 75, 80 (1990) ("When, as here, a lawsuit on a contractual claim has been reduced to a final, nonappealable judgment, all of the prior contractual rights are merged into and extinguished by the monetary judgment, and thereafter the prevailing party has only those rights as are set forth in the judgment itself.").

The Werras did not seek attorneys' fees in the district court pursuant to 11 U.S.C. § 362(k). Whether 21X and Brewer willfully violated the bankruptcy stay is a factual issue that we may not decide for the first time on appeal, and the issue is therefore waived. *See WildWest Inst. v. Bull*, 547 F.3d 1162, 1172 (9th Cir. 2008).

The award of attorneys' fees is **REVERSED**.