Filed 2/13/15  Fiscal Funding v. Dones CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| FISCAL FUNDING CO., INC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ALAN DONES et al., <br><br> Defendants and Respondents. | A140460 <br><br> (City and County of San Francisco <br> Super. Ct. No. CPF-10-510388) |

Fiscal Funding filed a petition for a writ of mandate in superior court challenging an arbitrator's order disqualifying its attorney, Calvin Grigsby.  Grigsby also happens to be Fiscal Funding's sole owner, officer, and director.  The trial court denied the writ petition and awarded Respondents attorney's fees and costs in the amount of $55,698.  Respondents subsequently moved to amend the judgment to add Grigsby as an alter ego judgment debtor.  They also moved for an award of additional attorney's fees incurred in connection with the motion.  The trial court granted Respondents' motion to amend and awarded $13,067.50 in additional attorney's fees.  Fiscal Funding challenges the amendment of the judgment to include Grigsby on at least five separate grounds.  We need not address these arguments because Fiscal Funding lacks standing to challenge actions that affected only Grigsby.  We also find unavailing Fiscal Funding's contention that the trial court erred by awarding Respondents additional post-judgment attorney's fees.

1

# I.

# BACKGROUND[1]

In 1998, Grigsby loaned $719,000 to Strategic Urban Development Alliance (SUDA), a real estate transaction management firm founded by Alan Dones and John Guillory. In exchange, Fiscal Funding, an entity created and controlled by Grigsby, received a 20 percent interest in SUDA. In 2003, Dones, Guillory, and Grigsby, on behalf of Fiscal Funding, executed the SUDA Operating Agreement and appointed themselves as members and managers of the organization. The Operating Agreement includes a provision allowing the prevailing party in litigation among SUDA's members to recover attorney's fees.

In March 2008, Fiscal Funding filed an arbitration action against Dones, Guillory, and SUDA. Among other things, Fiscal Funding alleged that it had been wrongfully frozen out of the management of the company, and that Dones and Guillory misappropriated SUDA funds for personal use. Grigsby eventually assumed legal representation of Fiscal Funding, and Dones and Guillory moved to disqualify him on the ground that he had acted as SUDA's counsel of record on many of the issues being litigated in the arbitration. The arbitrator granted the motion.

Fiscal Funding subsequently filed a petition for a writ of mandate against Dones and Guillory and their attorneys (collectively, Respondents), among others. Respondents moved for judgment on the pleadings arguing, among other things, that the superior court lacked jurisdiction to review an interlocutory order of the arbitrator. The trial court granted the motion, entered judgment in favor of Respondents, and ordered Fiscal Funding to pay Respondents $55,698 in attorney's fees and costs. In a separate appeal, Fiscal Funding challenged these rulings. While the instant appeal was pending, we affirmed. (*Fiscal Funding Co., Inc. v. Dones*, *supra*, A135451.)

---

[1]     Much of this background section is taken from our opinion disposing of Grigsby's separate appeal in this action. (*Fiscal Funding Co., Inc. v. Dones* (Dec. 15, 2014), A135451 [nonpub. opn.].)

Respondents attempted to collect on its judgment for attorney's fees, obtaining a writ of execution, as well as an order for a judgment debtor examination of Fiscal Funding's "person most knowledgeable." William Chin, Fiscal Funding's accountant since 1987, appeared for Fiscal Funding at the judgment debtor examination. Chin testified that Fiscal Funding had not done business since the late 1990s; Grigsby is Fiscal Funding's sole owner, officer, and director; Fiscal Funding does not have stockholders or a board of directors; there is no indication from Fiscal Funding's books and records that it has any interest in SUDA; Fiscal Funding recently transferred $10,077 to Grigsby's other company, Grigsby & Associates; Fiscal Funding no longer has any money; Fiscal Funding's accounts receivables are made up of worthless stock certificates; and Fiscal Funding's only fixed asset is some very old furniture.

In July 2012, the sheriff executed a levy on Fiscal Funding's bank account, but was not able to collect any money. Respondents subsequently moved to amend the judgment pursuant to Code of Civil Procedure section 187 to add Grigsby as an alter ego judgment debtor. They also moved for an award of additional attorney's fees incurred in connection with the motion pursuant to the attorney's fee provision in the SUDA Operating Agreement. Fiscal Funding opposed the motion by way of a motion to quash, an application for writ of prohibition to arrest, and a "cross-motion to amend judgment to strike award of costs and fees not based on statutory authority." The trial court granted Respondents' motion to amend the judgment and awarded them an additional $13,067.50 in fees and costs. It also denied Fiscal Funding's various cross-motions.

## II.

## DISCUSSION

### A.    *Amendment of the Judgment to Include Grigsby*

Fiscal Funding argues that the trial court erred in amending the judgment to include Grigsby as an alter ego judgment debtor because: (1) the court lacked authority to do so under the Code of Civil Procedure, (2) Fiscal Funding and Grigsby are legally distinct and there is no evidence that Grigsby abused the corporate form, (3) the SUDA Operating Agreement precludes the award of attorney's fees against Grigsby, (4) the

3

Operating Agreement grants Grigsby the right to reimbursement for payment of any legal fees, and (5) the court violated Grigsby's due process rights.[2]

The merits of these claims are dubious, but we need not reach them because Fiscal Funding lacks standing. Appeals may be taken only by aggrieved parties. (See Code Civ. Proc., § 902.) "Appellants must be parties of record, and their rights or interests must be injuriously affected by the judgment." (*Rebney v. Wells Fargo Bank* (1990) 220 Cal.App.3d 1117, 1128.) They may not assert error that injuriously affected other parties. (*Ibid.*) These standing requirements are jurisdictional (*id.* at p. 1132), and as Respondents point out, they are fatal to Fiscal Funding's appeal of the amended judgment. Grigsby is not a party to this appeal, yet the errors asserted above affect him alone. In fact, the amendment of the judgment to include Grigsby arguably benefits Fiscal Funding, as it is no longer the only party liable for Respondents' attorney's fees. Moreover, Fiscal Funding's implicit assertion that it has the right to appeal on behalf of Grigsby undermines its position that Grigsby and Fiscal Funding are legally distinct entities – the gravamen of Fiscal Funding's appeal.

Fiscal Funding's sole argument on standing is predicated on a misunderstanding of the concept. Fiscal Funding appears to be under the impression that Respondents are arguing only Grigsby is liable for attorney fees, and thus Fiscal Funding is somehow "out of the case." Fiscal Funding reasons that Grigsby alone cannot be held liable for attorney fees because he is not a member of SUDA, and thus he is not subject to the Operating Agreement's attorney's fee provision. But Fiscal Funding's lack of standing to appeal on behalf of Grigsby does not relieve Fiscal Funding of its contractual obligation to compensate Respondents' for their attorney's fees. Nor does it affect the alter ego liability of Grigsby.

---

[2]     Additionally, Fiscal Funding challenges the merits of the arbitrator's disqualification order, which gave rise to Fiscal Funding's writ petition and the award of attorney's fees by the trial court. We addressed this issue in Fiscal Funding's separate appeal, and we decline to revisit it.

As we lack jurisdiction to consider Fiscal Funding's appeal on behalf of Grigsby, we affirm the trial court's amendment of the judgment to include Grigsby as a judgment debtor.

### B.      Post-Judgment Award of Attorney's Fees

Though Fiscal Funding does have standing to challenge the additional attorney's fees awarded in connection with the execution of the judgment, its arguments on this point lack merit.  The trial court's determination that Respondents were the prevailing party, along with its award of additional fees and costs is reviewed for an abuse of discretion.  (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.)  To the extent that the award implicates pure questions of law, we review de novo.  (*Ibid.*)  We find no error under either standard of review.

As Respondents assert, the  Operating Agreement expressly allows for the recovery of attorney's fees.  Specifically, section 10.11 provides:  "In the event that any dispute . . . among the Members should result in litigation or arbitration, the prevailing party in such dispute shall be entitled to recover from the other party all reasonable fees, costs, and expenses of enforcing any right of the prevailing party, including without limitation, reasonable attorneys' fees and expenses."  Here, there is no dispute that the arbitration and subsequent litigation in the superior court arose out of a dispute among SUDA's members, or that Respondents were the prevailing party in that litigation.  Nor is there any dispute that the fees incurred by Respondents were reasonable.

Fiscal Funding argues *Wisniewski v. Clary* (1975) 46 Cal.App.3d 499, establishes that Respondents are not entitled to legal fees.  Not so.  In that case, plaintiffs were ordered to pay defendant $300 in attorney's fees as sanctions for failure to attend a mandatory settlement conference.  (*Id.* at pp. 501-502.)  On appeal, it was held that the trial court exceeded its authority.  (*Id.* at pp. 505-506.)  The court reasoned "attorneys fees generally may be awarded only pursuant to either agreement of the parties or to express authority elsewhere in the law."  (*Id.* at p. 506.)  The court concluded that the trial court's local policy of awarding attorney's fees in such circumstances did not

constitute proper authority. (*Id.* at pp. 505-506.) In contrast, in the instant action, attorney's fees were awarded pursuant to an agreement of the parties, not a local policy.

Fiscal Funding's reliance on *Chelios v. Kaye* (1990) 219 Cal.App.3d 75 (*Chelios*), is also misplaced. That case holds that post-judgment attorney fees and costs incurred in enforcing a judgment are not recoverable absent an attorney's fees clause in the judgment. (*Id.* at pp. 80-81.) This holding would be problematic for Respondents if it were still good law. But as Fiscal Funding notes in its briefing, *Chelios* has been superseded by statute. Specifically, the 1992 amendment to Code of Civil Procedure section 685.040 was expressly designed to abrogate *Chelios*. (*In re Conservatorship of McQueen* (2014) 59 Cal.4th 602, 609.) The statute now states: ". . . Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5," which specifically allows for the imposition of attorney's fees authorized by contract. (Code Civ. Proc., § 685.040.) Moreover, the committee report on the legislation states the amendment "assure[s] that contract provisions which provide for attorneys' fee [sic ] are enforceable regardless of whether they are incurred in enforcing the judgment or in an appeal of the judgment. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2616 (1991–1992 Reg. Sess.) as amended Aug. 12, 1992, p. 5.)" (*In re Conservatorship of McQueen*, *supra*, 59 Cal.4th at p. 610.)

In sum, Fiscal Funding has pointed to no authority that would preclude the award of post-judgment attorney's fees to Respondents.

## III.

## DISPOSITION

The amendment of the judgment is affirmed, as is the award of post-judgment attorney's fees and costs incurred in connection with the execution of the judgment. Respondents shall be entitled to costs on appeal.

6

_____
Jenkins, J.

We concur:


_____
McGuiness, P. J.


_____
Siggins, J.

7