Filed 3/10/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL G. YORK, | |
| Plaintiff and Respondent, | G049778 |
| v. | (Super. Ct. No. 30-2013-00660117) |
| KATHLEEN STRONG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Geoffrey T. Glass, Judge.  Reversed and remanded.

Michael G. York, in pro. per., for Plaintiff and Respondent.

Law Offices of David J. Harter, David J. Harter; and Kurt Ressler, for Defendant and Appellant.

\* \* \*

Kathleen Strong appeals from an order denying her motion for postjudgment attorney fees incurred in enforcing a judgment for fees awarded for her successful defense of a SLAPP suit (Strategic Litigation Against Public Participation; Code of Civ. Proc., § 425.16; all further statutory references are to this code.)

Strong argues she was entitled to such a fee award pursuant to section 685.040, which authorizes an award for enforcement of judgments not only where provided for in a contract, but also in cases where such fees are "otherwise provided by law." (§ 685.040.)

We agree. Both the language of section 685.040 and binding Supreme Court precedent require this result. We therefore reverse the order and remand the case to the trial court for further proceedings on Strong's motion for attorney fees.

FACTS

Strong was sued by respondent Michael G. York in a case arising out of their competing claims to share in a settlement that had been paid to a client whom York and Strong had each represented at various points in an underlying litigation. Strong filed a special motion to strike York's complaint as a SLAPP action pursuant to section 425.16.

After the court granted Strong's motion, she moved for an award of attorney fees, which is mandatory in favor of most defendants who obtain relief under the anti-SLAPP law (§ 425.16, subd. (c)(1)), and the court awarded her $21,840 in fees against York. Judgment was entered in her favor for that amount.

Strong incurred additional attorney fees in her effort to collect the judgment. Consequently, she filed a motion seeking an additional award of postjudgment fees to compensate for this expense. In a declaration filed in support of her motion, Strong's counsel explained his initial collection effort had been a letter to York, seeking

2

voluntary payment of the judgment, so as to avoid the expense of involuntary enforcement efforts. The letter explained in some detail counsel's view that York would ultimately be held liable for the attorney fees incurred by Strong in enforcing her judgment. York, however, "made it clear that a payment would not be forthcoming." Thereafter, Strong's counsel undertook efforts to identify York's assets and potential sources of recovery. A bank account was identified, and levied upon, but by the time that was accomplished, there were no funds in the account to satisfy the judgment. As of the time the motion was filed, Strong's counsel had spent 14.1 hours in collection efforts (including 2.1 hours spent preparing the motion), but had not yet succeeded in recovering any portion of the judgment. In addition to the time already spent, Strong's counsel estimated he would spend five hours responding to any opposition and appearing at the hearing.

Strong argued that an award of fees for enforcement efforts was appropriate pursuant to section 685.040, because the statute allowed attorney fees to be included in the recoverable costs of enforcing a judgment, if such fees were "otherwise provided for by law." She also noted that in *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141, footnote 6 (*Ketchum*), our Supreme Court concluded that fees incurred in enforcing an anti-SLAPP fee award qualify as recoverable costs under section 685.040.

York opposed the motion. He disputed Strong's basic premise that attorney fees incurred in the enforcement of an anti-SLAPP fee award were recoverable under section 685.040, but he also made the additional – and remarkable – argument that the motion was "premature" because one of the factors to be considered in setting a fee award is the "*outcome* of the action" – and the "outcome" of Strong's collection efforts were not yet known. Thus, York implied that as long as he was successful in avoiding Strong's collection efforts, he could *never* face liability for the expense of those efforts, no matter how reasonable.

3

The court denied the motion, based solely on a determination that section 685.040 did not allow recovery of attorney fees expended to enforce a mandatory fee award following a successful anti-SLAPP motion. The court described the issue was a close one, given the confusing language of section 685.040, but concluded the statute limited the recovery of attorney fees incurred in enforcing a judgment to cases where the right to fees was based on contract. The court acknowledged *Ketchum* in its ruling, but construed it as allowing "for recovery of 'fees on fees' [only] where the additional fees are necessary to establish and defend the claim for fees."

DISCUSSION

Section 685.040 sets forth the rules governing the recoverability of costs associated with the enforcement of a judgment. It begins with the general rule: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." (§ 685.040.) The statute then specifies, in the next sentence, that "[a]ttorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law." (*Ibid.*) Then, in its third and final sentence, the statute expressly provides for the recovery of such fees in one limited circumstance: "[a]ttorney's fees incurred in enforcing a judgment *are included as costs* collectible under this title if the underlying judgment includes an award of attorney's fees . . . pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." (*Ibid.*)

Section 1033.5, subdivision (a)(10), lists the types of attorney fees recoverable as costs to the prevailing party following the entry of judgment, which are those "authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law." Thus, the final sentence of section 685.040 explicitly provides for the recovery of attorney fees incurred to enforce a judgment in which such fees were awarded as costs

4

pursuant to a contract (referenced in § 1033.5, subd. (a)(10)(A)), while remaining silent on the recovery of such fees in other instances.

In denying Strong's motion for attorney fees in this case, the trial court candidly acknowledged some confusion engendered by the back and forth cadence of the statute: "The attorneys' fees . . . are not included unless otherwise provided by law. And then these legislators say attorneys' fees incurred in enforcing a judgment, exactly the same language, are included if the underlying judgment includes . . . attorneys' fees . . . pursuant to an attorneys' fees clause in a contract. [¶] So I am kind of faced with what appears to be a – a conflict . . . or a redundancy. 'Unless otherwise provided by law' would suggest, I understand the argument, unless provided by any law. But then it says . . . maybe or instead of that clause, we're saying a specific issue."

Ultimately, the court decided it had to give effect to the specificity of the that last sentence in section 685.040, which explicitly provided for an award of enforcement attorney fees in cases where fees had been awarded as costs pursuant to contract (§ 1033.5, subd. (a)(10)(A)), but did not mention cases where fees were awarded as costs by "Statute" (§ 1033.5, subd. (a)(10)(B)) or by "Law" (§ 1033.5, subd. (a)(10)(C)). Thus, the court decided that a proper reading of the statue revealed that attorney fees incurred in enforcing a judgment "are only recoverable if the action is under contract, according to § 1033.5(a)(10)(A)."

Our review of this statutory analysis is de novo (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1258 ["where an issue of entitlement to attorney fees and costs depends on the interpretation of a statute, our review is de novo"]), and we conclude the trial court erred. The third sentence of section 685.040, which was added by amendment effective January 1993 (*Miller v. Givens* (1994) 30 Cal.App.4th 18, 21, fn.2), was intended to *preserve* the right to recover attorney fees incurred during efforts to enforce a judgment based on contract – not to limit such recovery in other cases.

5

As explained in *Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.* (2008) 170 Cal.App.4th 868 (*Chinese Yellow Pages*), the third sentence of section 685.040 was added in response to *Chelios v. Kaye* (1990) 219 Cal.App.3d 75, 79-81, which had concluded that because "the judgment extinguished all further contractual rights of the [plaintiffs], including the contractual attorney's fees clause," such a clause was of no effect in later proceedings to *enforce* that judgment. (*Chinese Yellow Pages,* at p. 881.) Thus, "[i]n response to the *Chelios* opinion, the Legislature in 1992 adopted the third sentence in the current provision of section 685.040, which provides for a postjudgment attorney fees award under specified circumstances. [Citation.] The express purpose of the 1992 amendment to section 685.040 was to provide for postjudgment attorney fees incurred in enforcing the judgment, thus abrogating the *Chelios* holding." (*Ibid*.)

As *Chinese Yellow Pages* makes clear, the Legislature's goal in adding the third sentence to section 685.040 was to address a legal technicality which unexpectedly precluded any award of additional attorney fees incurred in the enforcement of a judgment based on a contract provision. Thus, nothing in that amendment can be interpreted as an effort to limit the statute's existing rule that such fees would be recoverable "if otherwise provided by law." (§ 685.040.) Consequently, the trial court erred when it interpreted the third sentence as having accomplished that very thing. (See *Rosen v. Legacy Quest* (2014) 225 Cal.App.4th 375, applying the same analysis.)

In any event, there was no need for the trial court to wrestle with the language of section 685.040 in this case, because our Supreme Court previously ruled in *Ketchum* that attorney fees incurred in an effort to enforce a fee judgment obtained under the anti-SLAPP law do qualify as recoverable costs under section 685.040: "*Ketchum also asserts that Code of Civil Procedure section 685.040 precludes an award of 'collection' fees. He is incorrect*. The statute provides that attorney fees incurred in enforcement efforts 'are not included in costs collectible under this title unless otherwise

6

provided by law.'  Under its provisions, a litigant entitled to costs for successfully enforcing a judgment is entitled to costs, but not attorney fees *unless there is some other legal basis for such an award*.  Because Code of Civil Procedure section 425.16, subdivision (c) provides a legal right to attorney fees, they are a permissible item of costs."  (*Ketchum*, *supra*, 24 Cal.4th at p. 1141, fn. 6, first italics added.)

This statement, although contained in a footnote, is not dicta.  *Ketchum* involved *two separate* fee awards made by the trial court in connection with the defendant's successful anti-SLAPP motion.  The first award, in an amount exceeding $140,000, presumably covered the fees incurred by the defendant in connection with the anti-SLAPP motion itself, plus a portion of the fees incurred in making the attorney fee motion.  But the second award, referred to by the Supreme Court as encompassing "supplemental attorney fees and costs in the amount of $112,160" (*Ketchum, supra*, 24 Cal.4th at p. 1129), came four months later, after the court had already denied the plaintiff's motion to stay the original fee award.

Although the Supreme Court's opinion does not specify, that supplemental attorney fee award presumably incorporated fees incurred during the defendant's early efforts to enforce the initial, unstayed, fee award.  Thus, it makes sense that the plaintiff directly challenged the propriety of awarding such fees as part of his appeal, and the Supreme Court addressed that challenge before remanding the case to the trial court with directions to recalculate the fee award.  "Statements by appellate courts 'responsive to the issues raised on appeal and . . . intended to guide the parties and the trial court in resolving the matter following . . . remand' are not dicta."  (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1158.)  Moreover, the Supreme Court recently reiterated the same conclusion when it relied on the *Ketchum* footnote in *Conservatorship of McQueen* (2014) 59 Cal.4th 602, 613-614:  "[W]e adhere to the reading we gave the statute in *Ketchum v. Moses*, *supra*, 24 Cal.4th 1122. . . . when a fee-shifting statute

7

provides the substantive authority for an award of attorney fees, any such fees incurred in enforcement of the judgment are within the scope of section 685.040."

Because the Supreme Court has already determined that attorney fees incurred in the enforcement of an anti-SLAPP attorney fee award are recoverable costs under section 685.040, both the trial court and we are bound by that determination.

DISPOSITION

The order is reversed and the case is remanded to the trial court for further proceedings on Strong's attorney fee motion.

**CERTIFIED FOR PUBLICATION**

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.

8