[No. B188216. Second Dist., Div. Six. Nov. 27, 2006.]

RICHARD A. BERTI et al, Plaintiffs and Appellants, v.
SANTA BARBARA BEACH PROPERTIES et al., Defendants and
Respondents.

**COUNSEL**

Foley Bezek Behle & Curtis, Peter J. Bezek; Hill & Trager and Timothy J. Trager for Plaintiffs and Appellants.

Law Offices of Christoph T. Nettesheim and Christoph T. Nettesheim for Defendants and Respondents.

OPINION

**GILBERT, P. J.**—Corporations Code section 15634 gives a limited partner the right to inspect the partnership's books and records.[1]

General partners, a limited partnership and a limited partner enter into a settlement agreement concerning a dispute involving section 15634. The settlement is merged into the judgment. The trial court denies a motion for attorney fees incurred to enforce the judgment pursuant to section 15634 because the settlement agreement does not provide for postjudgment attorney fees. We reverse. Postjudgment attorney fees are available under section 15634, subdivisions (g) and (h), notwithstanding the silence of the agreement and judgment.

## FACTS

Santa Barbara Beach Properties (SB Beach) is a limited partnership. William J. Levy and Roy J. Millender are general partners. Richard A. Berti, trustee of the Berti Family Trust, and Ilene Bruckner (collectively Berti) are limited partners.

In March of 1999, Berti filed a petition for writ of mandate against the partnership and its general partners. The petition alleged that SB Beach and its general partners violated section 15634 by refusing to allow Berti to inspect and copy its financial records. In May of 1999, the trial court granted the petition and issued a peremptory writ of mandate.

In July of 1999, the trial court found SB Beach in contempt, but delayed sentencing to allow the parties time to reach an agreement. The parties reached a settlement agreement on July 9, 1999.

SB Beach agreed to employ a nationally recognized accounting firm chosen by agreement of the parties. The firm would conduct a forensic audit to determine whether any fraud or breach of fiduciary duty occurred. The firm would also prepare audited financial statements for the partnership from its inception.

The agreement provides in part: "Petitioners have been paid $100,000 as and for their attorneys' fees and costs incurred to date. Petitioners waive any claims for any additional attorneys' fees and costs incurred by him [*sic*] to date in connection with this matter, including enforcement of the obligation to provide documents and records to the [accounting] Firm."

---

[1] All statutory references are to the Corporations Code unless otherwise stated.

Finally, the agreement provides: "This action shall be conditionally dismissed, subject to the Court's jurisdiction to enter judgment under CCP § 664.6, and to enforce and interpret this settlement."

By stipulation of the parties, the settlement agreement was entered as a judgment.

The settlement agreement did not end the matter. Berti made various postjudgment motions. The postjudgment motions that are the subject of this appeal are:

A motion to expand the limited receiver's authority to oversee and wind up the partnership. The trial court denied the motion as being beyond the scope of the judgment.

A motion to compel SB Beach to pay the auditors as required by the judgment, and an ex parte application for an order shortening time for the motion. The application for an order shortening time and the motion were granted.

An ex parte application for an order shortening time on a petition for an order to show cause regarding contempt for SB Beach's failure to pay the auditors as ordered. The court granted the application for the order shortening time. After the application, the auditors were paid.

The audit concluded the general partners owed SB Beach over $11.6 million due for certain transactions not properly accounted for under methods prescribed in the partnership agreement. The evidence was insufficient to support a conclusion that these transactions were allowable under the partnership agreement or were the responsibility of the partnership.

Berti made a motion for attorney fees incurred in making the above ex parte applications and motions. Berti's motion for fees was based on section 15634, subdivisions (g) and (h).

In denying Berti's motion, the court stated: "I think the issue does arise out of whether or not . . . [section] 15634 is the principle under which the Court would award fees or if it's the judgment that was entered into between the

parties. [¶] And it's my conclusion that it's the judgment that has been entered into between the parties, which didn't provide for attorney's fees, and not . . . [section] 15634, that would apply here . . . ."

## DISCUSSION

### I

The parties disagree on whether the standard of review is de novo or an abuse of discretion, not an uncommon occurrence in appellate practice. The trial court's comments provide the answer. It believed it had no discretion under the law to award fees. We therefore decide as a matter of law whether the trial court had such discretion. Our review is de novo. (See *Olson v. Cohen* (2003) 106 Cal.App.4th 1209, 1213 [131 Cal.Rptr.2d 620]; *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 [118 Cal.Rptr.2d 569].)

### II

■ Section 15634, subdivision (b), gives a limited partner the right to inspect the partnership's books and records. Subdivisions (g) and (h) of that section provide: "(g) In any action under this section, if the court finds the failure of the partnership to comply with the requirements of this section to have been without justification, the court may award an amount sufficient to reimburse the partners bringing the action for the reasonable expenses incurred by the partners, including attorneys' fees, in connection with the action or proceeding. [¶] (h) Any waiver by a partner of the rights provided in this section shall be unenforceable."

■ SB Beach argues that the settlement agreement is a contract, and the contract does not provide for fees incurred beyond the date of the agreement. SB Beach relies on the general rule that in actions on a contract a party is not entitled to an award of fees in the absence of an agreement or statute. (Citing *Salgado v. County of Los Angeles* (1998) 19 Cal.4th 629, 650–651 [80 Cal.Rptr.2d 46, 967 P.2d 585].) But the argument ignores that the settlement agreement is a judgment in an action brought under section 15634. Subdivision (g) of that section provides for attorney fees.

SB Beach argues that Berti's action under section 15634 was "completely settled and dismissed" under the agreement. It believes only the contract remains. Thus it concludes Berti's postjudgment motions were not brought in an action under section 15634. SB Beach is wrong on two counts.

First, the contract is merged in the judgment, and only the judgment remains. (See *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1766, 1770–1771 [31 Cal.Rptr.2d 224] [insurer's contractual duty merged in judgment].) Thus, Berti's motions to enforce the judgment were made in an action under section 15634.

Second, SB Beach is wrong that the action was dismissed under the agreement. The agreement provides that the action shall be "conditionally dismissed, subject to the court's jurisdiction to . . . enforce . . . this settlement." Thus the court retained jurisdiction in the action to consider postjudgment motions.

Even if the agreement had constituted a complete dismissal and settlement of the action, that would not deprive Berti of his right to statutory fees. In *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668 [186 Cal.Rptr. 589, 652 P.2d 437], taxpayers sued a government entity over the allocation of fuel tax receipts. The parties entered into a settlement agreement that required a dismissal with prejudice upon the government's establishment of a new transit system. The agreement was silent as to an award of attorney fees. Thereafter taxpayers made a motion for an award of fees under Code of Civil Procedure section 1021.5, allowing an award of fees in a case resulting in a public benefit. The government opposed the motion on the ground that the agreement acted as a merger and bar to an award of statutory attorney fees.

Our Supreme Court held that an award of fees was proper. The court stated that settlement agreements conclude all matters put in issue by the pleadings, but they do not, absent an affirmative agreement of the parties, conclude matters incident to the judgment. (*Folsom v. Butte County Assn. of Governments, supra,* 32 Cal.3d at p. 677.) It is well settled that statutory costs and attorney fees are incident to the judgment, and may be awarded absent an express agreement of the parties. (*Id.* at pp. 677–678.)

SB Beach attempts to distinguish *Folsom* on the ground that here the agreement is not silent about an award of fees. SB Beach argues that the $100,000 paid under the settlement agreement encompasses all attorney fees incurred in the case, including fees incurred in postjudgment motions. Berti disputes that interpretation. He believes the agreement applies only to those fees incurred to the date of the agreement, and is silent as to fees incurred in postjudgment motions. A settlement agreement that allows SB Beach to disregard the obligations to conduct the audit without the risk of attorney fees would be curious.

■ But even if the agreement is interpreted to bar fees incurred after the judgment, SB Beach cannot prevail. Subdivision (h) of section 15634 states that a waiver of the rights provided in the section shall be unenforceable. SB Beach's argument that the settlement agreement's attorney fees provision does not provide for a waiver of postjudgment fees but encompasses such fees, is belied by the language of the agreement. The agreement states that Berti has been paid $100,000 for attorney fees and costs "incurred to date," and that Berti "waive[s]" any additional attorney fees and costs. Whether the settlement agreement is silent as to postjudgment fees, or contains an unenforceable provision waiving postjudgment fees, the result is the same: Berti is entitled to fees under section 15634 and *Folsom*.

■ "In construing any statute, we first look to its language. [Citation.] 'Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' [Citation.]" (*S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 379 [46 Cal.Rptr.3d 380, 138 P.3d 713].)

SB Beach argues there can be no award of fees under section 15634, because the settlement agreement calls for an audit. It points out that section 15634 does not provide for an audit. But the only mention of remedies, other than attorney fees, is contained in subdivision (f) of section 15634. That subdivision provides in part: "In addition to any other remedies, a court of competent jurisdiction may enforce the duty of making and mailing or delivering the information and financial statements required by this section . . . ." (*Ibid.*) Nothing in the statute limits the remedies for breach of a limited partnership's duties thereunder. Nor does anything in the statute prevent the parties from stipulating to a judgment requiring an audit as a remedy for a breach of duties under the statute. Here the stipulated judgment arose out of an action brought under section 15634. Subdivision (g) applies to the enforcement of the judgment.

### III

SB Beach argues Code of Civil Procedure section 685.040 prohibits an award of attorney fees in enforcing the judgment.

Code of Civil Procedure section 685.040 provides: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law. Attorney's fees

incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5."

SB Beach relies on the last sentence of Code of Civil Procedure section 685.040. That sentence allows an award of fees to a judgment creditor pursuant to Code of Civil Procedure section 1033.5, subdivision (a)(10)(A). Subdivision (a)(10) allows as costs "[a]ttorney fees, when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law." Because the last sentence of Code of Civil Procedure section 685.040 allows only fees authorized by subparagraph (A), "Contract," SB Beach concludes that statutory fees incurred in enforcing a judgment are not allowed.

SB Beach's argument ignores that the penultimate sentence of Code of Civil Procedure section 685.040 authorizes postjudgment fees "provided by law." Fees awarded under section 15634, subdivision (g), are provided by law. Nothing in section 15634 limits an award of fees to those incurred prior to the judgment. The final sentence of Code of Civil Procedure section 685.040, on which SB Beach relies, is intended to solve a problem unique to a claim for postjudgment fees in actions based on contract. A judgment extinguishes all further contractual rights, including the contractual attorney fees clause. (*Chelios v. Kaye* (1990) 219 Cal.App.3d 75, 80 [268 Cal.Rptr. 38].) Thus in the absence of express statutory authorization, such as that contained in the final sentence of Code of Civil Procedure section 685.040, postjudgment attorney fees cannot be recovered. Fees authorized by statute do not present the same problem. A judgment does not act as a merger and a bar to statutory fees. (*Folsom v. Butte County Assn. of Governments, supra*, 32 Cal.3d at pp. 677–678.) Such fees are incident to the judgment. (*Ibid.*) Thus there was no need to include statutory fees in the final sentence of Code of Civil Procedure section 685.040. The section does not bar an award of fees for Berti's motions to enforce the judgment.

IV

Both parties make much of prior postjudgment motions that are not part of this appeal. Berti points out that the trial court granted him fees for one such motion. SB Beach points out that the trial court denied Berti fees for other such motions. Neither party claims on appeal that the trial court's rulings are res judicata or constitute collateral estoppel. They are simply irrelevant to this appeal.

Finally, SB Beach points out that the trial court denied one motion for which Berti now seeks attorney fees. That is a matter for the trial court to consider in exercising its discretion on remand. Nothing in this opinion should be read as indicating what the trial court should decide in exercising that discretion.

The judgment is reversed and the matter remanded. Costs are awarded to appellants.

Yegan, J., and Coffee, J., concurred.

Respondents' petition for review by the Supreme Court was denied March 21, 2007, S149509.