**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PHILLIP CARNES; JENNIFER CARNES;
KATHRYN SCHALLER; KEVIN
SCHALLER; H. GENE CARNES,
     *Plaintiffs-Appellants,*

v.

MICHAEL A. ZAMANI;
NANCY ZAMANI,
     *Defendants-Appellees.*

No. 05-15084

D.C. No.
CV-00-20084-RMW

OPINION

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted
January 10, 2007—San Francisco, California

Filed June 4, 2007

Before: Procter Hug, Jr. and William A. Fletcher,
Circuit Judges, and H. Russel Holland,* District Judge.

Opinion by Judge Holland

*The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

6703

## COUNSEL

J.D. Sullivan and Ross S. Heckmann, Sullivan Law Offices, Minden, Nevada, for the appellants.

Michael A. Zamani, pro se, San Jose, California, argued on his own behalf. Timothy E. Herr, Herr & Zapala, San Jose, California, was on the brief for the appellees.

## OPINION

HOLLAND, District Judge:

Appellants Phillip Carnes, Jennifer Carnes, Kathryn Schaller, Kevin Schaller, and H. Gene Carnes ("the Carneses") appeal the district court's denial of their motion for attorney fees and costs incurred in enforcing a judgment in their favor against appellees Michael A. and Nancy Zamani ("the Zamanis"). This appeal raises the question of whether Rule 69(a) of the Federal Rules of Civil Procedure applies to a motion for post-judgment attorney fees, and if so, whether under California law, the Carneses' fee motion was untimely. The district court held that Rule 69(a) applied to the Carneses' fee motion and that the motion was untimely. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I.

This diversity action, which arose out of a commercial real estate transaction between the parties, was commenced by the Carneses on January 21, 2000. On March 5, 2001, the district court granted summary judgment in the Carneses' favor. On February 19, 2002, pursuant to California's Civil Code section 1717, the district court awarded attorney fees to the Carneses. In August 2002, the Carneses began to execute on the assets of the Zamanis. On January 23, 2003, the Zamanis wired to the Carneses what they contended was the full amount of the judgment against them. On February 10, 2003, the Carneses filed in the district court a document entitled "Full Satisfaction of Judgment." On April 16, 2003, the Carneses filed a motion for attorney fees and costs incurred in enforcing the judgment against the Zamanis. Relying on Rule 69(a), the district court applied California law to conclude that the Carneses' fee motion was untimely. This appeal followed.

### II.

We review a denial of a motion for attorney fees for abuse of discretion. *Johnson v. Columbia Props. Anchorage, LP*,

437 F.3d 894, 898 (9th Cir. 2006). However, "[i]f the parties contend the district court made a legal error in determining the fee award, then *de novo* review is required." *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). We also review *de novo* a district court's interpretation of federal rules. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996).

**[1]** In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law. *See In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837-38 (9th Cir. 2001). Fee motions are generally governed by Federal Rule of Civil Procedure 54(d)(2), which provides that such motions shall be "filed no later than 14 days after entry of judgment." Because the Carneses' fee motion was filed more than 14 days after entry of judgment, Rule 54(d)(2) has no application here. The Carneses thus contend that Federal Rule of Civil Procedure 83(b) applies to their fee motion because there is no other federal or local rule that applies. Rule 83(b) allows a judge to regulate the practice in his court when there is no other controlling law. We reject this contention because we are persuaded that Rule 69(a) applies in this instance.

**[2]** Rule 69(a) governs the procedure that applies to the enforcement of a money judgment in federal court. It provides, in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Fed. R. Civ. P. 69(a). By its plain language, Rule 69(a) applies to "proceedings supplementary to and in aid of a judgment." We have not previously considered whether a post-judgment fee motion constitutes a "proceeding[ ] supplementary to and in aid of a judgment." The Supreme Court "has indicated that motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding. . . .' " *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (alteration in original) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)). If a motion for fees incurred in obtaining a judgment is considered a supplemental proceeding, it follows that a motion for fees incurred in enforcing a judgment can also be characterized as a supplementary proceeding. Thus, Rule 69(a) applies to the Carneses' fee motion.

**[3]** Rule 69(a) requires the court to apply state law to "proceedings supplementary to and in aid of a judgment" unless there is a federal statute that would apply. Because there is no applicable federal statute, California procedural law applies to the Carneses' fee motion. Because this is a diversity action, California substantive law also applies to the Carneses' fee motion.

**[4]** California's Enforcement of Judgments Law ("EJL") provides that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Civ. Proc. Code § 685.040. Recoverable costs may include attorney fees incurred in enforcing the judgment when, as here, the prevailing party was entitled to attorney fees in the underlying action pursuant to section 1717 of the California Civil Code.[1] *See Miller v. Givens*, 37 Cal. Rptr. 2d 1, 2-3 (Cal. Ct. App. 1994). The judgment creditor may seek to recover attorney fees incurred in enforcing a judgment by either filing a memorandum of costs or by serving a noticed motion. *See* Cal. Civ.

---

[1]Section 1717 of the California Civil Code allows for an award of attorney fees to a prevailing party in a contract action.

Proc. Code §§ 685.070(b); 685.080(a). Under either section, the judgment creditor must request post-judgment attorney fees before the underlying judgment is fully satisfied. *See* Cal. Civ. Proc. Code § 685.070(b) ("Before the judgment is fully satisfied . . . ."); *Id.* § 685.080(a) ("The motion shall be made before the judgment is satisfied in full . . . .").

The Carneses contend that the EJL does not apply here because it is limited to judgments of the State of California. *See* Cal. Civ. Proc. Code § 680.230 (defining "judgment" for purposes of the EJL as "a judgment, order, or decree entered in a court of this state"). In *Duchek v. Jacobi*, 646 F.2d 415, 417-19 (9th Cir. 1981), we rejected the argument that the federal court was divested of jurisdiction to enforce its judgment when the controlling state statute required the action to proceed in a particular state court. In doing so, we observed that " 'state rules are to be applied in a common sense manner and those which make sense only where applied to state courts need not be imported into federal practice.' " *Id.* at 418 (quoting *Anderson v. Tucker*, 68 F.R.D. 461, 462-63 (D. Conn. 1975)). It would not "make sense" to import the definition of "judgment" from the EJL into federal practice, and Rule 69(a) does not require that we do so.

The Carneses also contend that the EJL does not apply here because California common law and section 1717 authorize an award of post-judgment attorney fees independent of section 685.040 of the EJL. This argument is not supported by California law. In California, the contractual right to attorney fees contemplated by section 1717 is extinguished upon satisfaction of the judgment. *See Berti v. Santa Barbara Beach Props.*, 51 Cal. Rptr. 3d 364, 369 (Cal. Ct. App. 2006) (citing *Chelios v. Kaye*, 268 Cal. Rptr. 38, 40 (Cal. Ct. App. 1990)). "Thus in the absence of express statutory authorization, such as that contained in the final sentence of Code of Civil Procedure section 685.040, postjudgment attorney fees cannot be recovered." *Id.* We consider this holding dispositive of both Carneses' statutory and common law claims for attorney fees.

Any right the Carneses had under California law to recover attorney fees incurred in enforcing their judgment was dependent on section 685.040 of the EJL.

**[5]** Because their right to recover post-judgment attorney fees is dependent on section 685.040, the Carneses were required to comply with the timeliness requirements for post-judgment attorney fee motions set forth in the EJL. Sections 685.070 and 685.080 require that a motion for fees incurred in enforcing a judgment be filed before the underlying judgment is fully satisfied. Because the Carneses filed their post-judgment fee motion after the underlying judgment was fully satisfied, the motion was untimely.

### III.

For the foregoing reasons, the district court's denial of the Carneses' fee motion is AFFIRMED.