Filed 3/21/14; pub. order 4/8/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| STEPHANIE ROSEN,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>LEGACYQUEST et al.,<br><br>     Defendants and Respondents. | A136985<br><br>(San Mateo County<br>Super. Ct. No. CIV440930) |

Plaintiff and appellant Stephanie Rosen (Stephanie), along with her husband Michael Rosen (who is not a party to this appeal), obtained a significant judgment against defendants Christopher Cook (Cook) and LegacyQuest for breach of contract. Cook and LegacyQuest appealed and obtained a stay of execution by posting an undertaking by personal sureties. After this court dismissed Cook and LegacyQuest's appeal at their request, Cook and LegacyQuest, and then their sureties, failed to pay the judgment. Upon motion by Stephanie to enforce the undertaking, the trial court entered judgment against the sureties. The sureties appealed, and this court affirmed. Stephanie then filed a motion for costs and attorney fees incurred in enforcing the judgment against the sureties. The trial court awarded costs, but denied fees. Stephanie appeals the denial of attorney fees. We reverse and remand with directions to award reasonable fees.

## I. BACKGROUND

This is yet another of the numerous appeals arising from the morass of litigation between the parties that has now spanned nearly a decade. We set forth the history of this litigation in our opinion in consolidated appeals in related cases. (See *Rosen v. Cook*

1

(Jan. 11, 2011, A123548, A123558) [nonpub. opn.].)  We do not repeat that history here, but set forth only those facts necessary to the resolution of the present appeal which were recited in large part in our opinion affirming the judgment against the sureties (*Rosen v. LegacyQuest* (Jan. 26, 2012, A129172) [nonpub. opn.]) and from which we quote.

"In July 2004, the Rosens filed suit for breach of contract against Cook and LegacyQuest.[1]  The case went to trial in February 2006, and the jury returned a verdict in favor of the Rosens, and against Cook and LegacyQuest, for $434,743.36.  Judgment was entered on March 24, 2006.

"After unsuccessful posttrial motions, Cook and LegacyQuest appealed from the judgment in April 2006 (case No. A114176).  Shortly thereafter, Cook and LegacyQuest filed undertakings by personal sureties to stay execution, and filed an amended undertaking more than a year later, in November 2007.  The amended undertaking states the sureties 'obligate themselves, jointly and severally for double the amount of the judgment of $434,743.36, to the plaintiffs Mike and Stephanie Rosen.'

"After Cook and LegacyQuest sought and received a 90-day stay of their appeal on the ground settlement efforts were under way, and then sought and were granted numerous extensions of time to file their opening brief on appeal on other grounds, this court ordered counsel to personally appear on August 7, 2008, to show cause why the appeal should not be dismissed.  At that hearing, Cook and LegacyQuest orally requested dismissal of their appeal.[2]  This court granted their request and issued an order on August 11, 2008, dismissing the appeal.  Remittitur issued on October 14, 2008, and was filed with the trial court two days later.

"On December 10, 2008, Stephanie demanded payment of the March 2006 judgment from the sureties.  The sureties did not comply.

---

[1]  The lawsuit also involved other claims that are not pertinent to the instant appeal.

[2]  The two, nonconsecutive pages of transcription of the hearing which Cook and LegacyQuest submitted in opposition to Stephanie's motion, do no more than show Cook and LegacyQuest asked that their appeal be dismissed.  The two pages are otherwise too cryptic to understand the substance of what was discussed at the hearing.

"Eight months later, on August 18, 2009, Stephanie served Cook, LegacyQuest, and the sureties with a motion under Code of Civil Procedure section 996.440[3] for entry of judgment against the sureties in the amount of $573,148.96 (the original judgment as modified by later court orders, credits, costs, and interest).[4]  Stephanie filed her motion one week later, on August 25, 2009, and noticed a hearing for September 25, 2009.  Cook and LegacyQuest filed opposition, but the sureties did not; nor did the sureties join in Cook and LegacyQuest's opposing papers.  Six months later, on March 11, 2010, the trial court granted Stephanie's motion.  Judgment was entered against the sureties two months later, on May 11, 2010, in the amount of $592,558.74 (reflecting additional postjudgment interest).

"Cook, LegacyQuest, and the sureties all moved to vacate the judgment and for a new trial under sections 663 and 657.  The trial court denied the motions on June 28, 2010.  Cook, LegacyQuest, and the sureties then filed a timely notice of appeal from the May 11, 2010, judgment against the sureties and the June 28, 2010, order denying their posttrial motions." (*Rosen v. LegacyQuest, supra*, A129172 [nonpub. opn.].)  As indicated, we affirmed the judgment and order in a nonpublished opinion filed January 26, 2012 (case No. A129172).

One month later, on February 23, 2012, Stephanie moved for costs and attorney fees incurred in enforcing the judgment against the sureties.  She sought $47,407.79 in costs, and $147,175 in fees, which included fees incurred in defending against the sureties' appeal of the judgment against them, fees incurred in trying to collect the underlying judgment directly from Cook, fees incurred in defending judgment liens in Cook's bankruptcy, and fees incurred in prosecuting a fraudulent conveyance action.  Stephanie noted in her moving papers that shortly after she obtained the judgment against the sureties, she recovered $34,825 in attorney fees against them incurred in making demand for payment and seeking the judgment against them.

---

**3**  All further statutory references are to the Code of Civil Procedure [unless otherwise indicated].

**4**  For reasons not relevant here, Michael did not join in this motion.

3

The sureties opposed Stephanie's motion for costs and fees on several grounds. Because the motion was filed while their petition for review of this court's opinion affirming the judgment against them was pending, they maintained the trial court lacked jurisdiction to hear the motion for costs and fees. Observing Stephanie's notice of motion referenced only sections 996.480 and 917.1, they next claimed section 996.480 only provided for fees incurred in obtaining a judgment against a surety and did not provide for postjudgment fees incurred in enforcing a judgment. Acknowledging Stephanie's memorandum of points and authorities specifically sought fees pursuant to section 685.040 (which does, indeed, authorize an award of fees incurred in enforcing a judgment), they argued that statute only authorizes fees in contract cases (i.e., cases in which prejudgment fees were awarded to the judgment creditor pursuant to a contractual fee provision). The sureties further asserted the amount of fees Stephanie sought was "outrageous" and not supported.

On May 14, 2012, the trial court filed an order entitled, "Order Denying Motion for Attorney's Fees Against Sureties Filed By Plaintiff Stephanie Rosen." The court denied fees on the ground the last sentence of section 685.040 limits the statute to contract cases. The following month, by letter dated June 25, counsel for Stephanie advised the court its order did not address costs. The court responded by letter dated July 13, indicating it could not recall why costs had not been addressed and allowed the parties to submit briefs on the issue. Stephanie recapped her request for costs, and asked the court to issue an amended order addressing both costs and fees. The sureties argued the court had, in fact, denied costs and Stephanie's inquiry about a ruling was a violation of section 1008. They also argued Stephanie had not identified any proper basis for costs, and her request was, in any event, excessive. On September 6, the trial court issued an order entitled, "Amended Order Denying Plaintiff Stephanie Rosen's Motion for Attorney's Fees and Granting Motion for Costs Against the Sureties," reiterating its denial of fees but awarding $47,407.79 in costs. Stephanie filed a notice of appeal on October 30, 2012.

4

In the interim, pursuant to the directive in the January 26, 2012, opinion affirming the judgment against the sureties that Stephanie was entitled to reasonable fees incurred on appeal, Stephanie filed a motion for fees incurred on appeal. The trial court granted this motion on October 16, 2012, awarding her $22,330. Stephanie acknowledges this award commensurately reduces the amount fees she seeks to recover in connection with enforcing the judgment against the sureties.

## II. DISCUSSION

*Appealability*

The sureties assert Stephanie's appeal is untimely, claiming the operative order was that filed May 14, 2012, entitled, "Order Denying Motion for Attorney's Fees Against Sureties Filed By Plaintiff Stephanie Rosen." The order was served on the parties by the court clerk, and as the sureties point out, Stephanie did not file a notice of appeal until October 30—well beyond the 60-day period set forth in California Rules of Court, rule 8.104(a)(1)(A).

However, the May 14 order did not fully dispose of Stephanie's motion, which was a motion for both costs and attorney fees. The order was, thus, akin to a partial judgment that does not fully dispose of the issues between the parties and, thus, is not a final, appealable judgment. Not until the court issued its September 6 order entitled, "Amended Order Denying Plaintiff Stephanie Rosen's Motion for Attorney's Fees and Granting Motion for Costs Against the Sureties," was Stephanie's motion fully resolved, leaving no further issues between the parties. Only at that juncture was there a final, appealable order on her motion, and her notice of appeal was timely filed within 60 days of notice of entry of the September 6 amended order.

Further, even if the May 14 order could be characterized as final and appealable, the September 6 amended order effectuated a material change in the disposition of the motion, triggering anew the time to appeal. (See *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 767.) As noted, Stephanie's notice of appeal was timely filed within 60 days of the notice of entry of the September 6 amended order.

5

*Fees Incurred in Enforcing the Judgment Against the Sureties*

Stephanie sought fees incurred in enforcing the judgment against the sureties pursuant to section 685.040.[5] This statute provides: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." (§ 685.040.)

*Section 685.040 Is Not Limited to Contractual Fees*

Focusing exclusively on the last sentence of the statute, the sureties argued in the trial court that, because section 1033.5, subdivision (a)(10)(A) permits fees authorized by "[c]ontract" to be included as an item of costs, section 685.040 authorizes only judgment creditors in contract cases to recover attorney fees incurred in enforcing a judgment. Since Stephanie recovered attorney fees in connection with the judgment against the sureties pursuant to statute (§ 996.480, subd. (a)(2)), the sureties maintained she fell within the class of judgment creditors who purportedly have no ability to recover fees incurred in enforcing a judgment. The trial court agreed with the sureties and accordingly denied Stephanie's motion to the extent it sought fees. The sureties and the trial court have misread section 685.040.

While it is clear the last sentence of section 685.040 focuses on fee awards authorized by contract, the sentence was not included in the statute as amended in 1992, in order to limit fees incurred in enforcing a judgment to contract cases. Rather, the sentence was included in the wake of a Court of Appeal opinion (*Chelios v. Kaye* (1990)

---

[5] While the sureties complain, as they did in the trial court, that Stephanie's notice of motion referenced sections 996.480 and 917.1, and not section 685.040, her memorandum of points and authorities expressly referenced section 685.040, as did the trial court's order. Sureties do not, and cannot, make any claim they were prejudiced by the fact Stephanie invoked section 685.040 in her supporting memorandum and not in her notice of motion.

6

219 Cal.App.3d 75, 80 (*Chelios*)) holding judgment creditors in contract cases could not recover fees under the statute because the underlying judgment "extinguished" the contract, leaving no surviving contractual basis for fees incurred after the judgment.[6] (See *Jaffe v. Pacelli* (2008) 165 Cal.App.4th 927, 934–935; *Berti v. Santa Barbara Beach Properties* (2006) 145 Cal.App.4th 70, 77 (*Berti*).) The third sentence addresses the contractual "extinguishment" problem and provides a statutory path around it. (See *Berti, supra,* at p. 77.)

The *second* sentence of section 685.040 applies to non-contract cases. It states attorney fees incurred in enforcing a judgment are not recoverable "unless otherwise provided by law." (§ 685.040.) When attorney fees are authorized by statute, they have been "otherwise provided by law" and thus may be recovered as costs if expended to enforce a judgment. (*Berti, supra,* 145 Cal.App.4th at p. 77; see also *Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 140, fn. 9 [noting "fact that the [prejudgment] fees were not awarded pursuant to a contract is apparently immaterial"].)

*Berti* ably explained the scope of section 685.040 in *rejecting* the same constricted view of the statute the sureties espoused and the trial court adopted:

> "Because the last sentence of Code of Civil Procedure section 685.040 allows only fees authorized by subparagraph (A), 'Contract,' [respondent] concludes that statutory fees incurred in enforcing a judgment are not allowed.
>
> "[Respondent's] argument ignores that the penultimate sentence of Code of Civil Procedure section 685.040 authorizes postjudgment fees 'provided by law.' Fees awarded under [former Corporations Code] section 15634, subdivision (g), [in an action to inspect partnership records] are provided by

---

[6] At the time *Chelios* was decided, section 685.040 provided: " 'The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title [Enforcement of Judgments] *unless otherwise provided by law*.' " (*Chelios, supra,* 219 Cal.App.3d at p. 79, italics added.) *Chelios* held reliance on Civil Code section 1717 to secure an award of contractual attorney fees did not transform the contractual fees into fees "otherwise provided by law." (*Chelios*, at pp. 79–80.)

7

law. Nothing in section 15634 limits an award of fees to those incurred prior to the judgment. The final sentence of Code of Civil Procedure section 685.040, on which [respondent] relies, is intended to solve a problem unique to a claim for postjudgment fees in actions based on contract. A judgment extinguishes all further contractual rights, including the contractual attorney fees clause. (*Chelios v. Kaye*[, *supra*,] 219 Cal.App.3d 75, 80 . . . .) Thus in the absence of express statutory authorization, such as that contained in the final sentence of Code of Civil Procedure section 685.040, postjudgment attorney fees cannot be recovered. Fees authorized by statute do not present the same problem. A judgment does not act as a merger and a bar to statutory fees. (*Folsom v. Butte County Assn. of Governments* [(1982)] 32 Cal.3d [668,] 677–678 . . . .) Such fees are incident to the judgment. (*Ibid.*) Thus there was no need to include statutory fees in the final sentence of Code of Civil Procedure section 685.040. The section does not bar an award of fees for Berti's motions to enforce the judgment."
(*Berti, supra*, 145 Cal.App.4th at p. 77.)

*Ketchum v. Moses* (2001) 24 Cal.4th 1122 (*Ketchum*) is also illustrative. In that case, the Supreme Court held that section 425.16 (authorizing a defendant to recover fees and costs incurred in bringing a successful SLAPP motion) includes "the fees incurred in enforcing the right to mandatory fees under . . . section 425.16." (*Ketchum*, at p. 1141.) The high court rejected the plaintiff's argument that "section 685.040 preclude[d] [such] an award of 'collection' fees." (*Id.* at p. 1141, fn. 6.) The court explained: "The statute [section 685.040] provides that attorney fees incurred in enforcement efforts 'are not included in costs collectible under this title *unless otherwise provided by law*.' Under its provisions, a litigant entitled to costs for successfully enforcing a judgment is entitled to costs, but not attorney fees *unless there is some other legal basis* for such an award. Because . . . section 425.16, subdivision (c) provides a legal right to attorney fees, they are a permissible item of costs." (*Ibid.*)

Likewise, here, there is "some other legal basis" for the award of fees incurred in enforcing the judgment against the sureties, namely, section 996.480, subdivision (a)(2), on which basis Stephanie was awarded attorney fees incurred in connection with obtaining the judgment against the sureties. (See *Ketchum, supra,* 24 Cal.4th at p. 1141, fn. 6; *Berti, supra,* 145 Cal.App.4th at p. 77.) Accordingly, Stephanie was entitled to an

8

award of reasonable fees under section 685.040 incurred in enforcing the judgment against the sureties.

The sureties' reliance on *Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.* (2008) 170 Cal.App.4th 868, is unavailing. That was a breach of contract case (breach of a settlement agreement) in which contractual fees were awarded to the judgment creditor pursuant to Civil Code section 1717. The judgment debtor claimed postjudgment fees incurred to enforce the judgment were not recoverable under Code of Civil Procedure section 685.040. (*Chinese Yellow Pages*, at p. 887.) The Court of Appeal explained that they were, by virtue of the third sentence of the statute. (*Id.* at pp. 887–888.) Accordingly, the fact the court stated—"an essential element specified in section 685.040 . . . is that the underlying judgment *must* include an award of attorney's fees pursuant to section 1033.5, subdivision (a)(10)(A)"—makes sense, since the court was dealing with a *contract* case, to which the third sentence of the statute applied. (*Id.* at p. 888.) The instant case, in contrast, is not a contract case, and as we have discussed, the second sentence, not the third sentence, of Code of Civil Procedure section 685.040 applies.

### *Fees Recoverable Under Section 996.480 Include Fees Incurred in Enforcing a Judgment Imposed Under the Statute*

At oral argument, counsel for the sureties emphasized a different argument—that section 996.480, subdivision (a)(2), states in relevant part that a non-paying surety "is liable for costs *incurred in obtaining a judgment* against the surety, including a reasonable attorney's fee, and interest on the judgment from the date of the claim." (§ 996.480, subd. (a)(2), italics added.) The sureties contend the italicized language limits fees to those incurred in "obtaining" a judgment under the statute, thereby excluding any other fees, including those incurred in enforcing such judgment and, presumably, those incurred in defending such judgment on appeal.

This argument overlooks the fundamental purpose of section 685.040, which is set forth in the first sentence of the statute—namely, to provide for the recovery of costs and fees incurred by a judgment creditor in enforcing a judgment. Accordingly,

9

section 685.040, itself, provides the fee authorization the sureties contend is lacking in section 996.480. Moreover, the California Law Revision Commission Recommendations to the Governor and Legislature had stated in this regard that the changes to the bond and surety statutes resulting in section 996.480 were proposed, inter alia, to ensure, if a surety does not pay, the beneficiary "may recover costs (including reasonable attorney's fees) of enforcement. This will encourage prompt voluntary payment where liability is clear." (Recommendation Relating to Statutory Bonds and Undertakings (Nov. 1981) 16 Cal. Law Revision Com. Rep (1981) p. 508, fn. 8.) It would be contrary to this stated purpose to read section 996.480 as providing for fees incurred in securing a judgment against sureties but excluding fees incurred in defending such a judgment on appeal or in finally securing payment by a surety. Indeed, it has long been established that statutory fee provisions, including Section 996.480, include fees on appeal unless the statute expressly states otherwise. (*Grade-Way Construction Co. v. Golden Eagle Ins. Co.* (1993) 13 Cal.App.4th 826, 837–838.)

Given the contentious nature of this litigation, we are also choosing to exercise our discretion to order that Stephanie is entitled to reasonable fees incurred in connection with this appeal. It is well established that a fee award properly includes the reasonable fees incurred in seeking the fees. Here, Stephanie was required to pursue this appeal in order to secure the reasonable fees to which she is entitled under section 685.040.

### III. CONCLUSION

The order denying Stephanie Rosen's motion for costs and fees, to the extent it denied attorney fees incurred in enforcing the judgment against the sureties is reversed. The matter is remanded for an award of reasonable fees pursuant to section 685.040, including the reasonable fees she has incurred in this appeal. Costs on appeal are also awarded to appellant.

_____
Banke, J.

We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.

11

Filed 4/8/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

STEPHANIE ROSEN,

      Plaintiff and Appellant,

v.

LEGACYQUEST et al.,

      Defendants and Respondents.

A136985

(San Mateo County
Super. Ct. No. CIV440930)

ORDER CERTIFYING OPINION FOR PUBLICATION

[NO CHANGE IN JUDGMENT]

THE COURT:

      The opinion in the above-entitled matter filed on March 21, 2014, was not certified for publication in the Official Reports. After the court's review of requests under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Dated:

                                  _____

                                  Margulies, J.

12

Trial Judge:        Honorable Joseph E. Bergeron

Trial Court:        San Mateo County Superior Court

Office of Lawrence D. Miller and Lawrence D. Miller for Plaintiff.

Kass and Kass Law Offices and Bradley Kass for Respondent.

James Kenneth Menasco, in pro. per., for Defendant and Respondent.