**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANA ELLIS; et al., | No. 16-17005 |
| Plaintiffs-Appellants, | D.C. No. 4:12-cv-03897-YGR |
| v. | |
| JPMORGAN CHASE & CO., a national association, for itself and as successor by merger to Chase Home Finance, LLC and CHASE HOME FINANCE, LLC, a Delaware limited liability company, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted May 18, 2018
San Francisco, California

Before: N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,[**] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Appellants Diana Ellis, James Schillinger, and Ronald Lazar appeal from three district court orders, entered in a case where they were complaining about post-default property inspections. On January 6, 2015, the district court entered an Order Granting Defendants' Motion to Dismiss Without Leave to Amend. On October 5, 2016, the district court entered an Order Granting Defendants' Motion for Summary Judgment. On the same day, the district court entered an Order Denying Plaintiffs' Motion for Order of Entitlement to Catalyst Fee Award Under Cal. Code Civ. P. § 1021.5. We have jurisdiction under 28 U.S.C. § 1291 and affirm all three Orders.

I.

A dismissal of claims under Rule 12(b)(6) is reviewed de novo. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

The district court dismissed Appellants' federal claims, under 18 U.S.C. § 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act (RICO), because it determined that the First Amended Complaint failed to allege the existence of an "enterprise." A RICO enterprise is an "individual, partnership, corporation, association, or other legal entity, and any union or group of individuals who are associated in fact although not a legal entity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007) (en banc) (quoting 18 U.S.C. § 1961(4)). To state the existence of an associated-in-fact enterprise, a plaintiff must

allege facts to establish three elements: (1) "a common purpose of engaging in a course of conduct"; (2) "an ongoing organization, formal or informal"; and (3) "evidence that the various associates function as a continuing unit." *Id.* at 552.

Appellants argue that the district court erred when it held that J.P. Morgan Chase & Co., J.P. Morgan Chase Bank, N.A., and their unnamed executives (collectively, "Chase") did not form an enterprise with Chase's third-party property inspection vendors. However, Appellants did not allege any facts showing that any combination of these entities, or their unnamed executives, existed together as a single unit with a common purpose. The First Amended Complaint alleges only that Chase instructed its vendors to perform property inspections upon request. The mere existence of service contracts between Chase and its property inspection vendors is insufficient to establish a common purpose under RICO. By failing to plead an enterprise, Appellants did not state a plausible RICO claim under 18 U.S.C. § 1962(c) or (d). We therefore affirm the district court's Order dismissing the RICO counts.

II.

Upon dismissing Appellants' RICO claims, the district court denied Appellants' request for leave to amend their pleading. Appellants appeal the district court's ruling.

3

A denial of a motion seeking leave to amend is reviewed for abuse of discretion. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Because Appellants' request for leave to amend was untimely under the district court's case management order, Appellants were required to establish "good cause" for their delay. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Appellants failed to present evidence to the district court showing good cause. They also did not propose additional factual allegations that would cure the pleading defects associated with their RICO claims. Accordingly, the district court did not abuse its discretion in denying Appellants' request for leave to amend.

III.

Appellants contend the district court erred in granting summary judgment for Chase on their claims for fraud, violations of California's Unfair Competition Law (UCL), violations of the Rosenthal Fair Debt Collection Practices Act, and unjust enrichment. A district court's grant of summary judgment is reviewed de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011).

Appellants' fraud and UCL claims are each based on fraud theories. We conclude that the Rosenthal Act claim is essentially a fraud claim as well. Appellants contend that Chase committed fraud when it allegedly misrepresented property inspection fees on mortgage invoices as "miscellaneous fees" and

4

"corporate advances." This argument contradicts the testimony of Appellants' own expert, who testified that the characterization of property inspection fees as a "miscellaneous fee" or a "corporate advance" was not inaccurate. We similarly conclude that the mere characterization of property inspection fees in this manner was not fraud.

Appellants also did not establish the element of detrimental reliance for their fraud-based claims.[1] *See In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009); *Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 820, 833 (Ct. App. 2014); *Black v. Black*, 166 S.W.3d 699, 705 (Tenn. 2005); *Or. Pub. Emps.' Ret. Bd. ex rel. Or. Pub. Employees' Ret. Fund v. Simat, Helliesen & Eichner*, 83 P.3d 350, 359 (Or. Ct. App. 2004). Lazar and Schillinger did not submit any evidence on this element. During a deposition, Ellis testified that she was deceived because Chase's mortgage invoices listed amounts exceeding what she believed she owed on her loan. But Ellis did not testify that the allegedly cryptic description of property inspection fees as "miscellaneous fees" is what caused her to make any payments to Chase. The record does not otherwise show that she would have

---

[1] We reject Ellis's position that her UCL claims do not require a showing of reliance. First, Ellis did not raise this argument to the district court. *See Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000) (waiver). Further, all of Ellis's UCL theories require a showing of reliance. *See Hale v. Sharp Healthcare*, 108 Cal. Rptr. 3d 669, 678–79 (Ct. App. 2010) (reliance required even on non-fraud prong of UCL).

withheld any payments if the fees had been described differently. Appellants therefore did not establish detrimental reliance.

For the Rosenthal Act claim, we alternatively hold that Chase did not engage in any debt collection communications falling under the Act's protections. In July 2011, Chase mailed the letter that Ellis claims violated the Rosenthal Act. The letter stated that it was merely informational and not for the purpose of collecting any discharged debt. On summary judgment, Ellis did not dispute that her debts were discharged in June 2011. Nor did her summary judgment brief direct the district court to evidence establishing that she may have undischarged debts. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that the district court is not required to comb the record for uncited evidence). Assuming that Chase could not collect any fees because of the bankruptcy discharge, we conclude that Chase sufficiently conveyed that its letter was not an attempt to collect a debt. *Cf. Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510–11 (9th Cir. 2002) (holding that the Bankruptcy Code precludes a claim under the Fair Debt Collection Practices Act based on an alleged attempt to collect a discharged debt). The district court's grant of summary judgment to Chase on the Rosenthal Act claim is affirmed.

Finally, Appellants contend that the district court erred in granting summary judgment for Chase on Appellants' unjust enrichment claim. Unjust enrichment is

6

a quasi-contract claim, which is not available when a contract defines the rights of the parties. *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). Here, Appellants contend that Chase was unjustly enriched when Appellants overpaid for fees that were expressly governed by the terms of a contract. This dispute is inherently contractual. We therefore affirm the district court's grant of summary judgment on Appellants' unjust enrichment claims.

IV.

The district court's denial of a motion for attorney's fees is reviewed for abuse of discretion. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

Section 1021.5 of the California Code of Civil Procedure provides for an award of catalyst fees to successful plaintiffs. To recover, plaintiffs must show: "(1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (2) that the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense, . . . ; and (3) that the plaintiffs reasonably attempted to settle the litigation prior to filing the lawsuit." *Tipton-Whittingham v. City of Los Angeles*, 101 P.3d 174, 177 (Cal. 2004). To have a catalytic effect, the lawsuit must be a "substantial causal factor" contributing to the defendant's change in conduct. *Graham v. DaimlerChrysler Corp.*, 101 P.3d 140, 156 (Cal. 2004).

A court may infer causation when a change in the defendant's conduct occurs after the filing of the lawsuit. *Hogar v. Cmty. Dev. Comm'n of Escondido*, 69 Cal. Rptr. 3d 250, 257 (Ct. App. 2007). To determine whether such an inference should arise, courts look to "(a) the situation immediately prior to the commencement of suit, and (b) the situation today, and the role, if any, played by the litigation in effecting any changes between the two." *Id.* (quoting *Folsom v. Butte Cty. Ass'n of Gov'ts*, 652 P.2d 437, 449 n.31 (Cal. 1982)). If a plaintiff raises an inference of causation, the burden shifts to the defendant to offer rebuttal evidence. *Californians for Responsible Toxics Mgmt. v. Kizer*, 259 Cal. Rptr. 599, 603 (Ct. App. 1989).

The district court denied Appellants' request for attorney's fees because it determined that other factors, external to this lawsuit, caused Chase to revise its property inspection and servicing policies. In April 2011, Chase entered into a consent order with the Office of the Comptroller of the Currency (OCC) to resolve an enforcement action against Chase and other mortgage servicing companies. The OCC consent order required Chase to implement a compliance program to ensure that its mortgage servicing and foreclosure operations complied with the law, OCC supervisory guidance, and the terms of the consent order. One year later, another federal district court entered a consent judgment against Chase, under the National Mortgage Settlement ("NMS"). The NMS required Chase to reform

8

its servicing standards to limit the frequency and circumstances under which it would charge delinquent borrowers for property inspections and other third-party fees.  The district court also determined that the NMS required Chase to pay a penalty of more than $1 billion for its prior actions.  Appellants filed their lawsuit after the NMS was announced.  The evidence in the record supports the conclusion of the district judge that the OCC consent judgment and the NMS, rather than this lawsuit, were the catalysts that caused Chase to reform its property inspection policies.  We therefore conclude that the district court did not abuse its discretion in denying Appellants' request for catalyst fees.

**AFFIRMED**.