

**FILED**

MAY 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED, (in Official Liquidation), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery and Reorganisation Limited, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TONY BOBULINSKI, <br><br> Defendant-Appellant. | No.   21-55282 <br><br> D.C. No. 2:20-cv-06759-RGK-JC <br><br><br> MEMORANDUM<sup>*</sup> |
| CHINA BRANDING GROUP LIMITED, (in Official Liquidation), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery and Reorganisation Limited, <br><br> Plaintiff-Appellant, <br><br> v. | No.   21-55414 <br><br> D.C. No. 2:20-cv-06759-RGK-JC |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

TONY BOBULINSKI,

        Defendant-Appellee.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 17, 2022
Appeal Stayed October 11, 2022
Stay Lifted and Appeal Resubmitted May 28, 2024
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BENNETT,[**] District
        Judge.
Concurrence by Judge CHRISTEN.

The Joint Official Liquidators (JOLs) of China Branding Group Limited

appeal the district court's order denying their motion for attorneys' fees. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

"We review a denial of a motion for attorney fees for abuse of discretion."

*Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007) (citation omitted).

---

[**]    The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

[1] In the joint status report filed on February 23, 2024, *see* Dkt. # 78, Tony
Bobulinski advised the court of his intent to dismiss his appeal. Based on this
representation, we dismiss Bobulinksi's appeal in Case No. 21-55282 as moot.

"However, if the parties contend the district court made a legal error in determining the fee award, the *de novo* review is required. . . ." *Id*. (citations, alteration, and internal quotation marks omitted).

In a diversity case, entitlement to attorneys' fees is determined in accordance with "the law of the state in which the district court sits," in this case California. *Id*. (citation omitted). Under California law, a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Code of Civ. P § 685.040. "Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law." *Id*. However, "[r]ecoverable costs may include attorney fees incurred in enforcing the judgment when . . . the prevailing party was entitled to attorney[s'] fees in the underlying action pursuant to section 1717 of the California Civil Code."[2] *Carnes*, 488 F.3d at 1060 (citation omitted). California courts have interpreted the phrase "otherwise provided by law" in § 685.040 to refer to statutes, not the laws of a foreign country. *See Rosen v. LegacyQuest*, 225 Cal. App. 4th 375, 382 (2014).

In the underlying action, the Grand Court of Cayman Islands ordered Bobulinski to pay attorneys' fees to the JOLs following that court's judgment in

---

[2] Under § 1717, the prevailing party is entitled to attorneys' fees in a contract action if the contract so provides. *See Bos v. Bd. of Trustees*, 818 F.3d 486, 489 (9th Cir. 2016).

3

favor of the JOLs.  But the district court concluded that even though the JOLs were awarded attorneys' fees under Cayman law, "the award of fees was not pursuant to [§ 1717], nor any other statute that California courts have recognized as a basis to support an award of attorneys' fees under § 685.040."

The JOLs argue that Cayman law served as "some other legal basis for the attorney fees," and that "insistence upon 'specific statutory provisions' as a basis for recoverable fees is . . . unsupported by the text of [§ 685.040]."  However, the JOLs cite no authority to support the argument that no "specific statutory provision" is required for an award of fees under § 685.040, and none of the cases cited by the JOLs support the conclusion that the award of fees by the Cayman court constituted "a legal basis for the attorney fees."  *Highland Springs Conference & Training Ctr. v. City of Banning*, 42 Cal. App. 5th 416, 424 (2016) addressed pre-judgment fees.  *Berti v. Santa Barbara Beach Prop.*, 145 Cal. App. 4th 70, 77 (2006), and *Rosen*, 225 Cal. App. 4th at 382-83, both predicated the award of fees under § 685.040 on the existence of a separate statute authorizing the award of fees.

We agree with the district court that the JOLs failed to demonstrate that they were entitled to attorneys' fees under § 685.040.  The JOLs' contention is contrary to our holding that "in the absence of express statutory authorization, such as that

4

contained in the final sentence of [§ 685.040], post-judgment attorney fees cannot be recovered." *Carnes*, 488 F.3d at 1061 (citation omitted); *see also Jaye v. Reed* (*Conservatorship of McQueen*), 59 Cal. 4th 602, 613 (2014) ("Any fees not provided for by a fee-shifting statute and not authorized by a contractual provision, as addressed in the section's last sentence would simply not be recoverable.") (alteration omitted).

**AFFIRMED IN PART, DISMISSED IN PART.**



*China Branding Grp. Ltd., et al. v. Bobulinski*, No. 21-55282+

CHRISTEN, Circuit Judge, concurring:

I agree with my colleagues' decision to affirm the district court's order denying the JOLs' motion for attorneys' fees, but write separately because my analysis takes a slightly different path.

California Code of Civil Procedure § 685.040 permits a judgment creditor to recover reasonable and necessary attorneys' fees incurred in enforcing a judgment only if "otherwise provided by law." The JOLs have not explained why the law of a jurisdiction other than California—*i.e.,* the Cayman Islands—should dictate the law applicable to the determination of what is "otherwise provided by law."

California substantive law governs this diversity case. *See Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002) (per curiam). Thus, California law also "determines the standards and factors to be considered in determining an award of attorney fees." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013). Moreover, the JOLs pursued recognition of the Cayman Islands judgment under California's Uniform Foreign Country Money Judgments Recognition Act. Because the district court recognized that judgment, it is "[e]nforceable in the same manner and to the same extent as a judgment rendered in [California]." Cal. Civ. Proc. Code § 1719(b). In the absence of some argument to the contrary, California

1

law applies here, just as it would apply to any other judgment enforced in California by a federal district court sitting in diversity.

The JOLs have not shown that any provision of California law "otherwise provide[s]" for recovery of their attorneys' fees. The JOLs identify § 685.040, but because "section 685.040 creates no independent authority for awarding attorney fees," the JOLs "cannot seek fees under the substantive authority" of that statute. *Conservatorship of McQueen*, 328 P.3d 46, 53 (Cal. 2014).

Accordingly, I concur.