Filed 6/28/16  Sanger v. Ahn CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PRIYA SANGER et al.,<br><br>      Plaintiffs and Appellants,<br><br>v.<br><br>LEAH AHN,<br><br>      Defendant and Respondent. | A145714<br><br>(San Francisco County<br>Super. Ct. No. CPF-12-511985) |

Priya and Michael Sanger successfully obtained a judgment to enforce an arbitration award against Leah Ahn.  The judgment awarded the Sangers a specific amount for attorney fees incurred in obtaining the judgment, but it was silent about their entitlement to fees that might be incurred to enforce the judgment.  Substantial post-judgment litigation ensued, and the Sangers brought a number of motions that either sought post-judgment fees directly or sought to amend the judgment with language that would expressly authorize their entitlement to such fees.  The trial court denied these motions in various orders, and the Sangers appeal from three of them.  Because we agree with the Sangers that they are entitled to post-judgment fees, we reverse and remand to the trial court for a determination of the appropriate amount of fees to be awarded.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

This case has a protracted history, but we need describe only a portion of it.  The Sangers and Ahn were owners as tenants in common of a building in San Francisco, and

1

their rights and responsibilities were set forth in a contract called the Tenancy In Common Agreement (TICA). Among other provisions, the TICA provided that the prevailing party in any arbitration or litigation would be entitled to an award of attorney fees. It included a term stating, "Any judgment or order entered in such action shall contain a specific provision providing for the recovery of attorney fees and costs incurred in enforcing such judgment . . . ."

The Sangers obtained an arbitration award against Ahn for unpaid mortgage payments, and they later obtained a court judgment to enforce the award. The original court judgment was entered by the trial court on March 12, 2012. It awarded the Sangers "$68,656.07 . . . and . . . $4,214.50 in attorneys' fees and costs," and it ordered Ahn to perform all of the acts required by the final arbitration award. The judgment did not, however, contain a specific provision that provided for the recovery of additional attorney fees and costs that could be incurred to enforce the judgment, as contemplated in the TICA.

After the March 2012 judgment, the parties engaged in years of further litigation, and this appeal is from three orders in which the trial court denied the Sangers' efforts to obtain the attorney fees they claim to have incurred in enforcing the judgment.

*The Initial Motions for Post-Judgment Fees*

In late 2013, the Sangers filed a motion for "Post-Judgment Collection of Attorneys' Fees and Costs . . . ." (the first request for post-judgment fees). Although the filing of the first request for post-judgment fees is recorded on the trial court clerk's docket sheet, our record does not include a copy of it or any supporting papers. A minute order on the docket sheet indicates that the motion was denied on January 9, 2014. The minute order states, "Petitioner Priya Sanger and Michael Sanger's Motion for Post-Judgment Collection of Attorney's Fees and Costs is denied *without prejudice*. Moving party failed to provide evidence of entitled [sic] to attorney's fees i.e. judgment or the TIC[A]." (Italics added.)

The Sangers thereafter filed a "renewed" motion to collect post-judgment attorneys fees in the amount of $35,074.40 (the second request for post-judgment fees).

2

The court denied the Sangers' second request for post-judgment fees on June 9, 2014, and its order doing so is the first order that is the subject of this appeal. In the order, the court explained in handwriting its reason for denying the request: "Neither the Final [arbitration] Award nor the Judgment contain . . . specific provision providing for recovery of attorney's fees and costs incurred in enforcing such judgment. CCP 685.040; CCP 1033.5(a)(10)(A); TICA 15.19." Although our record shows that this order was filed on June 9, 2014, it does not indicate whether notice of the order was given. The proceedings in state court were stayed that same day because Ahn filed for bankruptcy, and the bankruptcy stay lasted for about a year.

*The Motion to Reconsider the Denial of Fees*

After the bankruptcy stay was lifted, the Sangers filed a "renewed motion to reconsider order denying motion for post-judgment collection of attorneys' fees and costs" (the third request for post-judgment fees). It requested an award of post-judgment attorney fees in the amount of $66,408.78. The trial court denied the request, and its order doing so is the second order that is the subject of this appeal. In denying the request, the court reaffirmed its June 2014 ruling on the second request for post-judgment fees by reiterating, "Neither the Final [arbitration] Award nor the Judgment contain a specific provision for the recovery of attorney's fees and costs incurred in enforcing such judgment. CCP 685.040; CCP 1033.5(a)(10)(A), TICA 15.19."

*The Motion to Correct a "Clerical Error" in the Judgment*

In May 2014, the Sangers filed a motion "for order to correct clerical error in judgment and amend judgment nunc pro tunc." This motion sought to "correct an omission in the judgment constituting a clerical error" by including "a direction that Respondent Ahn pay the Sanger's [sic] attorney's fees in enforcing such Judgment . . . ." The trial court at first declined to rule on the motion because of the bankruptcy stay. After the stay was lifted, the Sangers filed a "motion for order to correct clerical judgment and amend judgment nunc pro tunc" (the renewed motion to amend the judgment). The trial court denied the renewed motion, concluding: "No clerical error as there was no specific provision for recovery of post-judgment attorneys' fees in the

3

arbitration award/judgment as required by the parties' contract." This is the third order that is the subject of this appeal.

The Sangers appealed from all three orders (the denial of the second request for post-judgment fees,[1] the denial of the third request for post-judgment fees, and the denial of the renewed motion to amend the judgment). Ahn did not file a cross-appeal.

The three orders, while separate, all reached essentially the same conclusion: the Sangers were not entitled to post-judgment attorney fees. In her lengthy respondent's brief, Ahn does not directly address the Sangers' legal entitlement to fees but instead argues that a number of procedural issues bar their appeal. Because we conclude that the order denying the second request for post-judgment attorney fees is appealable and must be reversed because the Sangers are legally entitled to their post-judgment attorney fees, we need not reach the merits of the Sangers' challenges to the other two orders, or Ahn's extensive responses to those challenges.

II.
DISCUSSION

A.     *Ahn's Jurisdictional Arguments Lack Merit.*

1.     The Appeal Is Not Moot.

Ahn argues that the appeal is moot because the Sangers accepted payment under the judgment. The argument is groundless. While it is true that judgment creditors are precluded from obtaining post-judgment fees when they seek them for the first time *after* the judgment has been fully satisfied, they are not precluded from obtaining these fees when they sought them, as the Sangers did here, *before* the judgment was satisfied. (*Conservatorship of McQueen* (2014) 59 Cal.4th 602, 607; Code Civ. Proc., § 685.080,

---

[1] The appeal of the June 9, 2014 order denying the second request for attorney fees was timely even though it was not filed until more than a year later. The order was entered the same day the court learned that the state-court proceedings were stayed as a result of the bankruptcy filing. (11 U.S.C.A. § 108(c)(1).) Even assuming that the order was properly served, the time period to appeal from it could not have started to run until June 5, 2015, the date the bankruptcy court confirmed that the stay was lifted. The Sangers' July 6, 2015 notice of appeal was therefore filed well within the 60-day period to appeal set forth in California Rules of Court, rule 8.104(a)(1)(B).

4

subd. (a).)[2]  Our record reflects that a partial satisfaction of judgment was filed in September 2015 recording a payment from Ahn of $3,551.19.  Even if this somehow showed that Ahn fully satisfied the judgment, which it does not, it plainly demonstrates that any satisfaction was long after the Sangers sought their post-judgment fees.

        2.      The Order Denying the Sangers' Second Request for Post-Judgment Fees Is Appealable.

Ahn also argues that the Sangers' second request for post-judgment fees resulted in a non-appealable order because the request was filed after the court denied the Sangers' first request for post-judgment fees and was thus a renewed motion barred by section 1008.  The argument lacks merit.  The order denying the Sangers' first request was based on a failure of proof and was expressly "denied without prejudice."  A motion brought after an earlier motion that was denied without prejudice is not a renewed motion within the meaning of section 1008.  (*Farber v. Bay View Terrace Homeowners Assn.* (2006) 141 Cal.App.4th 1007, 1015 ["Here, the trial court indicated it wanted to reconsider the fee issue when it denied the first motion *without prejudice*, so Code of Civil Procedure § 1008 is inapplicable."], original italics.)

At oral argument, Ahn insisted that *Even Zohar Construction & Remodeling*, *Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830 compels reversal here, even though that case addressed whether the rules for motions for reconsideration (§ 1008) apply when a party brings a motion for relief from default under section 473, subdivision (b). (*Even Zohar*, at p. 837.)  In concluding that section 1008 bars successive motions for relief from default, the Supreme Court noted that " '[u]nless the requirements of section . . . 1008 are satisfied, any action to reconsider a prior interim order must formally begin with the court *on its own motion.*' " (*Id.* at p. 844, quoting *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1108, original italics.)  But that rule simply does not apply here, where the court's order denying the first motion without prejudice was a manifestation of

---

[2] All further statutory references are to the Code of Civil Procedure.

the court's *own* action to permit further litigation on the issue. Nothing in *Even Zohar* prohibits the trial court from proceeding in such a manner.

Thus, we cannot consider the second request for post-judgment fees to be a prohibited renewed motion under section 1008, subdivision (b). And because the second request for fees is not such a motion, we need not decide Ahn's various arguments premised on the notion that it is.

B.   *The Sangers' Second Request for Post-Judgment Fees Was Improperly Denied.*

1.  The Standard of Review.

We typically review a trial court's decision awarding or denying attorney fees under an abuse of discretion standard. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1176.) But where, as here, the material facts relevant to the award of attorney fees are undisputed and the issue is whether the prevailing party is entitled to fees, the issue is a question of law that we review de novo. (*Ibid.*) Similarly, the interpretation of a statute is a question of law that we review de novo. (*Amdahl Corp. v. County of Santa Clara* (2004) 116 Cal.App.4th 604, 611.)

2.  Legal Analysis.

Generally, when a judgment is rendered on a case involving a contract that includes an attorney fees and costs provision, the "judgment extinguishes all further contractual rights, including the contractual attorney fees clause. [Citation.] Thus, in the absence of express statutory authorization, . . . postjudgment attorney fees cannot be recovered." (*Berti v. Santa Barbara Beach Properties* (2006) 145 Cal.App.4th 70, 77 (*Berti*).) However, "[f]ees authorized by statute do not present the same problem." (*Ibid.*)

Section 685.070, subdivision (a), is such a fee-authorizing statute. It provides that a judgment creditor "may claim under this section the following costs of enforcing a judgment: [¶] . . . [¶] (6) Attorney's fees, if allowed by Section 685.040." Section 685.040, in turn, provides that "[a]ttorney's fees incurred in enforcing a judgment are

6

included as costs collectible . . . *if the underlying judgment includes an award of attorney's fees* to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." (Italics added.)[3] This subparagraph (A) includes attorney fees as allowable costs when they are authorized by contract. (§ 1033.5, subd. (a)(10)(A).)[4]

Section 685.040 is intended to address the "problem unique to a claim for postjudgment fees in actions based on contract." (*Berti*, *supra*, 145 Cal.App.4th at p. 77.) Under the section, the award of post-judgment fees is not based on the survival of the contract, but is instead based on the award of attorney fees and costs in the judgment. (*Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 557-558 & fn. 13.) In essence, the entry of the judgment extinguishes and merges contractual rights into the judgment, with the consequence that post-judgment rights are governed by the judgment, not the contract, even though the judgment arose from the contract. (*Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1766, 1770.)

The trial court failed to apply this principle when it denied the Sangers' second request for post-judgment fees on the ground that "[n]either the Final [arbitration] Award nor the Judgment contain . . . specific provision on providing for recovery of attorney's fees and costs incurred in enforcing such judgment." Nothing in section 685.040 requires

---

[3] This sentence was added by the Legislature in 1992, and its express purpose was to override earlier judicial decisions and thereby allow the recovery of post-judgment fees based on a contractual right. (*Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.* (2008) 170 Cal.App.4th 868, 881.)

[4] The parties did not brief, and we therefore do not decide, the separate applicability of section 1293.2 to a party's request for post-judgment attorney fees in a proceeding, such as this one, brought to confirm an arbitration award. Section 1293.2 provides that costs in these proceedings are awardable as a matter of law: "The court shall award costs upon any judicial proceeding under this title as provided in Chapter 6 (commencing with Section 1021) . . . ." Section 1033.5, which is within Chapter 6, provides that items recoverable as costs include attorney fees when authorized by contract. (§ 1033.5, subd. (a)(10)(A).)

7

such an explicit provision for a judgment creditor to be entitled to post-judgment fees. It is enough for the judgment to include an award of pre-judgment fees that was authorized by contract, as the judgment did here.[5]

Because the judgment, and not the TICA, controls the Sangers' entitlement to post-judgment fees, it is immaterial that the TICA included the term that any judgment entered as a result of a dispute was to "contain a specific provision providing for the recovery of attorneys' fees and costs incurred in enforcing such judgment . . . ." As we have said, section 685.040 authorizes a prevailing party to recover post-judgment fees as a matter of law when the judgment includes an award of attorney fees that was authorized by contract. This section, not the terms of the underlying contract, controls a prevailing party's rights to post-judgment fees. (*Tomaselli v. Transamerica Ins. Co.*, *supra*, 25 Cal.App.4th at p. 1770.) Thus, the trial court was mistaken in denying the Sangers' attempt to obtain post-judgment fees on the basis that the judgment contained no specific provision authorizing them.

Furthermore, even if the TICA's terms controlled, we would disagree with the trial court's position that they precluded the Sangers from being awarded post-judgment fees. The TICA's term that the judgment "shall contain a specific provision providing for the recovery of attorneys' fees and costs incurred in enforcing such judgment" was part of a broader right entitling the prevailing party "to recover from the other [p]arty all reasonable fees, costs and expenses of enforcing any right of the prevailing [p]arty, including, without limitation, reasonable attorneys' fees and expenses . . . ." It seems to us that the point of these provisions was to ensure that the prevailing party would be

---

[5] Because the judgment here included a specific award of fees, we do not need to resolve the closer question of whether section 685.040 authorizes an award of post-judgment fees when a judgment confirms an arbitration award that includes an award of fees but the judgment itself is silent about fees. All parties here seem to agree that the arbitration award included an award of attorney fees.

8

entitled to costs and fees, including the fees necessary to enforce any judgment. We disagree with the trial court's logic of using a term intended to guarantee the prevailing party an entitlement to post-judgment fees to deny those fees.

Although we conclude that the Sangers are to be awarded their reasonable post-judgment fees, we cannot resolve the amount of fees that they should be awarded. The calculation of the appropriate amount of fees is properly considered by the trial court in the first instance, and we therefore remand the matter to that court for such a calculation. (*PLCM Group*, *Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096; *Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.*, *supra*, 170 Cal.App.4th at p. 885.) Nothing in this opinion shall preclude an award of attorney fees more than what the Sangers sought in their second request for post-judgment fees, given that further litigation followed that request.

### III.
#### DISPOSITION

The June 9, 2014 order denying the Sangers' renewed motion for post-judgment attorney fees and costs is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. The Sangers shall recover their costs on appeal.

9

_____

Humes, P.J.

We concur:

_____

Margulies, J.

_____

Dondero, J.